STATE OF MINNESOTA ex rel. REINHOLD ZEGLIN v. BOARD OF COUNTY COMMISSIONERS OF CARVER COUNTY and Others.[1]

April 25, 1895.

No. 9063.

**Liquor License—Mandamus.**

> The granting or refusing a license to sell intoxicating liquors is vested in the discretion of the board of county commissioners, and the exercise of their discretion cannot be controlled or reviewed by mandamus.

Appeal by relator from an order of the district court for Carver county, Cadwell, J., quashing an alternative writ of mandamus. Affirmed.

[1] Reported in 62 N. W. 1135.

*J. L. Macdonald*, for appellant.

The board could not antedate the license. A license to sell liquor cannot relate back. Black, Intox. Liq. § 122; State v. Hughes, 24 Mo. 147; Edwards v. State, 22 Ark. 253; Kingston v. Osterhoudt, 23 Hun, 66; Commonwealth v. Welch, 114 Mass. 356. Mandamus is the proper proceeding to correct the error of the board. Black, Intox. Liq. § 172; Batters v. Dunning, 49 Conn. 479; Collarn's Petition, 134 Pa. St. 551, 19 Atl. 755; Schlaudecker v. Marshall, 72 Pa. St. 200; Knarr's Petition, 127 Pa. St. 554, 18 Atl. 639; Devin v. Belt, 70 Md. 352, 17 Atl. 375; Jones v. Moore County Com'rs, 106 N. C. 436, 11 S. E. 514; Com'rs of Maxton v. Com'rs of Robeson, 107 N. C. 335, 12 S. E. 92; Ramagnano v. Crook, 85 Ala. 226, 3 South. 845; Heblich v. Judge (Ky.) 10 S. W. 465. The power of the court to grant the relief asked cannot be questioned. State v. Cornwell, 12 Neb. 470, 11 N. W. 729. If a license has been refused to a properly qualified person without any reason whatever, or without any reason which is valid and sufficient in law, but is an arbitrary or capricious exercise of the power vested in the licensing authority, then redress may be had by process of mandamus. Black, Intox. Liq. § 172, and cases cited; High, Extr. Leg. Rem. § 230.

*P. W. Morrison*, for respondent.

MITCHELL, J. On September 7, 1893, the relator applied to the respondents for a license for one year from that date to sell intoxicating liquors at a place named. The board appointed November 14, 1893, as the day for hearing the application, and upon such hearing adopted the following resolution: "Resolved, that the bond of said R. Zeglin upon his application be approved, and that the said license to sell at said place be granted to him to expire July 1, 1894, being for one year from July 1, 1893. Said license being so granted pursuant to stipulation, upon which prosecution of said Zeglin for sale of intoxicating liquors at said place without license, instituted by indictment found by the grand jury at September term of court, was dismissed." Upon receipt from the clerk of the board, a few days afterwards, of a license conforming to this resolution, the relator returned it to him, notifying him that he refused to receive it, and demanding that a license be issued to him for one year from

September 7, 1893, which was refused. On July 25, 1894, the relator applied for and was granted an alternative writ of mandamus to the respondents, "to correct and change the date of the commencement of the year of said license from July 1, 1893, to September 7, 1893," or show cause why they had not done so. On the hearing the court, on motion of respondents, quashed the alternative writ, on the ground that it did not state facts sufficient to entitle the relator to the relief asked for.

Whether a license to sell intoxicating liquors shall be granted or refused rests in the discretion of the board of county commissioners, in the exercise of which they act judicially, and not ministerially, and therefore their action cannot be controlled or reviewed by mandamus. While it appears from the resolution cited that the board for certain reasons attempted to give the offered license a retroactive effect, yet, bearing in mind that this cannot be done,—that a license takes effect, as authority to sell, only from the date it is actually issued,—it is apparent that, in legal effect, the license which the board resolved to grant relator was from November 14, 1893, to July 1, 1894. If the relator was not satisfied with the license which the board thus offered him, he was under no obligations to accept it. He had a right to refuse it, as he did, and demand a return of his money, but the board cannot be compelled to grant him any other or different license.

The unreasonable and unexcused delay of the relator in applying for the writ for over eight months, and until the time for which he had applied for a license had so nearly expired, might, perhaps, also be a reason why the court, in its discretion, would have been justified in quashing the writ. But it is unnecessary to consider that question.

Order affirmed.