REINHOLD ZEGLIN v. BOARD OF COUNTY COMMISSIONERS OF
CARVER COUNTY.

April 22, 1898.

Nos. 11,005—(122).

Intoxicating Liquors—License—License for Different Term—Recovery of License Fee Paid to County.

On September 7, 1893, plaintiff applied to the board of county commissioners for a license to sell intoxicating liquors for one year, and filed the necessary bond, and paid the required license fee into the county treasury. On November 14, 1893, the board granted and tendered him a license, purporting to be for a year from July 1, 1893, which plaintiff declined to accept, and demanded a license in accordance with his application, or a return of his money, which the board refused. *Held,* that the board had no authority to issue, and the plaintiff was not bound to accept, such a license, and he can maintain an action to recover back his money.

Appeal by defendant from an order of the district court for Carver county, Cadwell, J., denying its motion for a new trial after a verdict for $520.40 in favor of plaintiff by direction of the court. Affirmed.

*P. W. Morrison,* for appellant.

*H. J. Peck,* for respondent.

BUCK, J.

On September 7, 1893, the plaintiff, Zeglin, then a resident of Carver county in this state, made a written application to the board of county commissioners of said county for a license to sell intoxicating liquors in the town of Waconia, in said county, for the period of one year, and to this end Zeglin paid into the county treasury the sum of $500, the license fee, and duly executed the bond required by statute. The bond was accepted by the county, and the money so paid taken by the county and used by it for its own benefit. Subsequently, in the month of November, 1893, the board granted and issued to Zeglin a license to sell intoxicating liquor which, by its terms, commenced July 1, 1893, and expired July 1, 1894. This license Zeglin refused to accept, and shortly after its receipt he

72 M.—2

returned it to the county auditor by letter, wherein he stated the grounds of his refusal, and requested the county auditor to deliver the license back to the board of county commissioners. The board was in session at the time of its return, and the auditor then delivered it to the board.

Upon the refusal of the board to issue a license in accordance with his application Zeglin demanded a return of the $500 license fee so paid by him, but the board refused to pay the amount back to Zeglin. Subsequently, and in the month of March, 1894, Zeglin went before the board, and demanded a license such as he had applied for, or else a return or repayment to him of the license money so paid by him. The board refused to do either. In the month of February, 1897, he made an itemized and verified bill of his claim for the money so paid, and interest thereon, and presented it to the board, and demanded that it pay said sum back to him, which it refused to do, and thereupon he brought this action to recover the amount. Upon the trial the court directed the jury to return a verdict for the plaintiff, which it did in the sum of $520.40.

It is to be noted that each side requested the court to direct a verdict, the plaintiff asking one in his favor and the defendant one in its favor, and neither requesting that the facts be submitted to the jury. The facts in the case were quite conclusively proven as we have stated them, and the offer of the defendant's counsel to prove other facts which were excluded by the court we do not deem material, and there were no errors in the rulings of the court in so doing.

Only one of them do we deem worthy of particular notice, viz. the defendant proposed to prove that the reason why the county commissioners did not give Zeglin a license for one year according to the terms of his application was that he had been selling liquor from July 1, 1893, and that the license actually given him was for the purpose of covering that period from July, 1893, to July, 1894. If the plaintiff had been selling liquor in violation of law from July 1, 1893, a license of the character actually issued and sent to him would not have validated such sale. Criminal acts cannot be made legal by any such proceeding, and the issuance of such

license, or even his acceptance thereof, would not have constituted a defense to his being legally prosecuted for such violation of law. Nor did the plaintiff seek any such license or proceeding to cover any such illegal sale of liquor, or make any such admission. At no time did he accept the terms and conditions of the license issued, for he repudiated them from the moment he received the license, which, immediately on its receipt, he returned, and in writing notified the county auditor and board that he would not accept it.

The board accepted his bond, took his money, and used it, then issued a license not in accordance with his application or the law, and refused to issue a license to which he was entitled under his application. The plaintiff was not bound to accept any such license. He had a right to refuse it, as he did in unmistakable terms, and in a reasonable time, and so notified the board; and the board should have issued the proper license or returned the money. See State v. Board, 60 Minn. 510, 62 N. W. 1135.

The conclusion thus reached leads to an affirmance of the order of the trial court, and it is so ordered.