GUSTAF MOODY v. HENRY C. BRASIE.[1]

June 19, 1908.

Nos. 15,570—(136).

**Payments on Drainage Contracts..**

> The proviso at the end of section 17, c. 230, Laws 1905, authorizing partial payments on drainage contracts on the approval of the county auditor and the engineer in charge of the work, construed, and *held* to authorize such payments without the concurrence or approval of the county commissioners.

Action in the district court for Wright county for an order restraining the auditor of that county from signing and delivering to Charles F. Merz any warrant on the county treasurer for the payment to said Merz in respect to Ditch No. 10 until further order of the court. Upon the hearing of an order to show cause a temporary injunction was denied, and the temporary restraining order was vacated, Giddings, J. From this order plaintiff appealed. Affirmed.

*W. H. Cutting* and *Henry Spindler*, for appellant.
*James C. Tarbox* and *J. J. Wooley*, for respondent.

[1] Reported in 116 N. W. 941.

BROWN, J.

Appeal from an order refusing a temporary injunction. The facts are as follows:

Proceedings were duly commenced before the board of county commissioners of Wright county for the establishment and construction of a drainage ditch, which resulted in an order laying out the ditch, and a contract for its construction, and the appointment of an engineer to superintend the work. All proceedings in the matter were regular and in conformity with the statutes. The contractor entered upon the performance of his contract, and after the completion of a part of the ditch, less than three-fourths of the entire contract, presented to the engineer evidence of the same, who in turn issued a certificate of approval as permitted by the proviso at the end of section 17, c. 230, p. 321, Laws 1905. Before the presentation of the certificate to the county auditor for his approval, this action was brought to restrain and enjoin further proceedings looking to the issuance of a warrant for the amount then earned by the contractor as shown by the engineer's certificate, on the ground, among others, that the same could not be paid without the approval of the board of county commissioners. An order to show cause why a temporary injunction should not issue was made by the court below, and on the hearing thereof discharged, and the temporary injunction refused. Plaintiff appealed.

Three questions are presented and discussed in the brief of counsel for appellant:

1. Whether the county auditor is authorized under the terms of section 17, c. 230, Laws 1905, to issue warrants on the treasurer upon the certificate of the engineer of a partial performance of the work, where such certificates have not first been approved by the county commissioners.

2. Whether a temporary injunction should not have issued because of fraud and collusion charged in the complaint between the contractor and the engineer, and

3. Whether the warrants issued by the county auditor should be upon the general revenue fund or upon the ditch fund. Of these questions only the first requires consideration.

The order of the court denying the application for the temporary

injunction must be treated as in effect a finding that there was no fraud or collusion between the contractor and the engineer in the respects alleged in the complaint, and as the evidence before us is not conclusive upon that question the decision of the trial court is final. The third suggested question is not an issue made by the pleadings, and is not, therefore, involved in the case.

We come, then, directly to the first question. It is important that the question be determined for the guidance of those charged with the conduct of drainage proceedings, and we dismiss from consideration several points raised by respondent, which, if sustained, would render a decision on the merits unnecessary. The solution of the question involves the construction of the statute above referred to, and also the contract under which the work was performed. The statute provides, in general terms, that it shall be the duty of the engineer, on being notified by any contractor "that his job is completed," to inspect the same, and, if in accordance with the contract, issue a certificate accordingly and report it to the county auditor and the board of county commissioners for their action, and that upon the presentation of such certificate, with the approval of the county board indorsed thereon, the county auditor shall draw his warrant on the county treasurer for the amount shown thereby to be due the contractor. Where the ditch extends into more than one county, payment is divided between the counties affected, and upon the approval of the boards of each county acting separately. Following these general provisions, and as a part of the same section, appears the following proviso:

> Provided, however, that the auditor, upon the written approval of the engineer, may issue preliminary certificates for not to exceed seventy-five per cent. of work already done and approved, within the county of which he is such auditor, which certificate shall be treated as hereinbefore provided; but no such certificate shall be furnished except when accompanied by the engineer's written certificate that no loss will result therefrom.

The warrants on the treasurer which defendant is charged by the complaint with intending to draw are in payment of "preliminary

certificates" authorized by this proviso. They have never been submitted to or approved by the board of county commissioners, without which plaintiff contends they cannot be paid.

A careful consideration of the statute, and the evident purpose and intent of the legislature, does not sustain this view. The first part of the section treats of certificates made by the engineer upon a full and complete performance of the contract, and the approval of the county commissioners is made essential to their payment. Every reason exists for requiring the approval of the board where the work has been fully completed, for the entire matter of the construction of ditches is committed under the statute to the jurisdiction of the board of county commissioners. But we discover no sufficient reason for holding that the legislature intended the approval of the board to be a necessary prerequisite to the authority of the county auditor to issue and pay the preliminary certificates referred to in the proviso. To so hold would render that part of the statute wholly inoperative and nugatory; at least, of no practical benefit. To require the approval of the board to those certificates would necessitate an almost continuous session to pass upon partial performance of work of this kind, in order that payments might be made as the work progressed. Such was obviously not the intention of the legislature. The object of provisos appended to statutory enactments is to take something out of the enacting clause which might otherwise come within its scope. 2 Sutherland, St. Const. § 351. The only matter taken out of this statute by the proviso under consideration is the part thereof requiring the approval of the board of county commissioners before payment is made to the contractor; and unless it be construed as eliminating that feature as to partial payments the proviso serves no purpose at all.

The performance of contracts of this kind extends in many instances over a considerable period of time, and involves, in the payment for labor, equipment, and supplies, the expenditure of large sums of money, and the obligations thus created by the contractor must be met and discharged from time to time as the work progresses. To aid the contractor in carrying forward the improvement, and to enable him to meet and discharge his obligations as they matured, it was deemed by the legislature necessary, or at least proper, that partial payments be made to him in proportion as he completed his contract. This

could not well be done if the approval of the county board was a condition to the right of the auditor to make such payments, and it is clear that the intention was to render the action of that body unnecessary in so far as partial payments were concerned.

It is also urged by plaintiff that the approval of the county board is essential to the authority of the auditor to make partial payments by reason of the terms of the contract under which this work was being performed. The part of the contract relied upon to sustain this position is as follows: "Now, in consideration of the said premises, the said Charles F. Merz hereby contracts and agrees to dig and construct said shares and sections above described in the time and manner set forth in the report of said engineer, upon which said ditch is established, and subject to the approval of the said engineer and of the said county auditor, and of the said board of county commissioners." This provision of the contract is substantially what the statute requires to be incorporated therein, and, fairly construed, has reference so far as the approval of the county commissioners is concerned, to the completed contract, and not to partial payments authorized by the statute above referred to.

This disposes of the case, and the order appealed from is affirmed.