## STATE EX REL. W. J. LANDON v. C. W. ANDING.[1]

January 14, 1916.

Nos. 19,579—(218).

**Mandamus — right to trial by jury.**

    1. In this mandamus proceeding there were no issues for the jury, and hence no error in refusing appellant's demand for a jury.

**State rural highway — advertising for bids.**

    2. The provision of section 14, chapter 230, Laws 1905, requiring the auditor to advertise for bids for the construction of a state rural highway within ten days after the order has been made for its establishment and construction is directory and not mandatory.

**Same — approval by state highway commission.**

    3. The state highway commission is required to approve the petition for the establishment of the state rural highway, but is not to approve the order of the county board establishing the same. However, the first mentioned approval having been obtained, no prejudicial error resulted from the admission in evidence of a subsequent approval and the finding to that effect.

**Same — refusal of county auditor to consider bids.**

    4. The board of county commissioners duly established and ordered constructed certain state rural highways in the county, and appellant thereafter duly advertised for bids for their construction. Bids were received within amounts permissible of acceptance, if the bidders were found responsible. Appellant by his answer virtually admits, and the evidence conclusively shows, that he refused to consider any bid on its merit, but rejected all because he considered the county board had abandoned the whole project.

**Abandonment of project by county board.**

    5. For the purposes of this decision we assume that the county board has manifested an intention to wholly abandon the construction of the state rural highways herein referred to.

    [1] Reported in 155 N. W. 1048.

**Same — county auditor.**

6. But it is *held* that the county board has no authority or power to abandon duly-established highways, nor has the auditor been invested with discretion to determine whether or not the county board has attempted to abandon the construction ordered.

**Rejection of bids by county auditor.**

7. Appellant was not justified in refusing to consider the bids on their merits, on the ground that it appears that the contemplated project cannot be carried out.

Upon the relation of W. J. Landon the district court for Winona county granted its alternative writ of mandamus, directing C. W. Anding, as auditor of that county, to consider and pass upon certain bids submitted for the construction of eight certain state rural highways and to let the contracts for their construction to the lowest responsible bidders, if any, in accordance with the statute. The matter was heard before Johnson, J., who made findings and ordered a peremptory writ. From the judgment entered pursuant to the order for judgment, C. W. Anding appealed. Affirmed.

*Earl Simpson, W. J. Smith* and *William Codman,* for appellant.
*Brown, Abbott & Somsen,* for respondent.

Holt, J.

C. W. Anding, the appellant, is the auditor of Winona county and held such office during all the time hereinafter referred to. On December 23, 1914, the board of county commissioners of that county established and ordered constructed certain state rural highways therein under the provision of the Elwell law (chapter 254, p. 352, Laws 1911). Thereafter and on February 15, 1915, appellant gave the proper notice by publication that sealed bids for the construction of these highways would be received on March 23, 1915. On February 27, 1915, one J. W. Thompson commenced an action in the district court against the board of county commissioners, the treasurer and the appellant, to restrain the letting of any contracts for the construction of the highways mentioned and from issuing or negotiating any bonds to pay therefor. The hearing of an application in that action for a temporary injunction

was continued from time to time.  Finally, becoming satisfied that the defendants therein would not take any steps to let the contracts or provide the means wherewith to build the highways, the court on March 29 dismissed the order to show cause and dissolved the temporary restraining order which had been granted pending the hearing.  On March 23 the board of county commissioners adopted this resolution: "Be it resolved by the county board of Winona county that no bonds be issued by the county to pay for the roads for which bids have been opened by the county auditor today."  Appellant without passing upon the merits of any of the bids rejected all, treated the highway projects as abandoned, and will neither accept any of the bids received, nor advertise for new bids.  Thereupon this mandamus proceeding was instituted by relator, a taxpayer who petitioned for one of the highways and whose land is crossed by such highway to compel appellant to determine whether any of the bids received should be accepted, and in case he found all of such bids unacceptable to readvertise for others.  The court made findings and directed a peremptory writ to issue.  This appeal is from the judgment.

Several technical objections are made, and will be briefly noticed. Without formal application to have any issue submitted to a jury, appellant demanded a jury when the case was called for trial.  We shall not stop to consider whether or not a jury trial must be given in every mandamus proceeding if a demand therefor is made, for it is plain that upon the pleadings, the admissions and the undisputed evidence, there were no issues for a jury to solve.  As we view the case the controversy depends solely upon questions of law.

It is claimed that the call for bids was not published within ten days after the county board established and ordered the highways constructed.  We do not think this irregularity fatal.  The statute in this respect (section 14, chapter 230, p. 318, Laws 1905), is to be held directory and not mandatory under the rule announced in Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, 18 N. W. 96, namely: "Where the provision of a statute as to the time when an act shall be done is intended merely for the guidance of public officers, so as to insure the orderly and prompt performance of public business, a disregard of which cannot

injuriously affect the rights of parties interested, it will be deemed merely directory." This rule has been applied to the time within which viewers were to be appointed in a drainage proceeding (McMillan v. Board of Co. Commrs. of Freeborn County, 93 Minn. 17, 100 N. W. 384, 1125), and we deem it applicable to the provision stating when the call for bids should be published. Otherwise an error or omission to advertise for bids within ten days after the board established the highway would nullify the whole proceeding, and the same consequence would follow if no bids were received or none were found acceptable.

The state highway commission's approval of the action of the county board in establishing these highways was unnecessary. The law requires approval of the petition by the state highway commission before the notice of the first hearing thereon shall be served, posted or published by the auditor (section 3, chapter 254, p. 352, Laws 1911). This had been obtained. The admission in evidence of the subsequent approval also, could do no harm, nor did the finding to that effect. It may be disregarded, for it is admitted that all the proceedings were regular up to and including the order establishing the highways in question as state rural highways.

There are three propositions of controlling effect in this case; so recognized in the briefs and arguments. First: In rejecting the bids did appellant exercise or refuse to exercise the judgment or discretion vested in him by law? Second: Did the board of county commissioners abandon the road projects? Third: Had the board authority so to do?

It is elementary that courts will not by mandamus control or direct the judgment or discretion which an official is required by law to exercise, except in certain rare instances not here involved. The general rule is that mandamus will lie to compel action, but not to control judgment or discretion. 26 Cyc. 297; State v. State Medical Ex. Board, 32 Minn. 324, 20 N. W. 238, 50 Am. Rep. 575; State v. Board of Co. Commrs. of Carver County, 60 Minn. 510, 62 N. W. 1135; State v. Teal, 72 Minn. 37, 74 N. W. 1024; State v. Cook, 119 Minn. 407, 138 N. W. 432, Ann. Cas. 1914B, 88; State v. City Council of Brainerd, 121 Minn. 182, 141 N. W. 97, 46 L.R.A.(N.S.) 9. It cannot be gainsaid that the Elwell law did require of appellant that he publish a notice calling for bids to construct the rural highways established and ordered

constructed by the board of county commissioners on December 23, 1914, that he open the bids, and that thereupon he determine whether any of the bids received were such as ought to be accepted and a contract made with the bidders, also that if he deemed no bid acceptable he should readvertise. The examination and passing upon such bids calls for the exercise of deliberation and discretion of a judicial nature. Kelling v. Edwards, 116 Minn. 484, 134 N. W. 221, 38 L.R.A. (N.S.) 668. It is clearly manifest from the written notice given by appellant to the bidders, and others, at the time the bids were opened, which notice is attached to the petition for the writ, that he refused to exercise any discretion whatever upon the bids as such, but rejected all, without considering their merits, for the simple reason that he considered the whole project abandoned because of the attitude of the board, as evinced by the resolution of March 23 above set out. Bearing upon his refusal was also, perhaps, the fact that the legislature repealed the Elwell law on March 22. It is true enough that the resolution of the board, the action of the legislature, the advice of his attorney, and his own judgment induced him to take the course he did take, and that he exercised judgment and discretion in so doing. But the statute does not invest the auditor with any authority or discretion to annul a duly-established rural highway or stop its construction. It requires him to act on the bids and for the sole purpose of ascertaining the lowest responsible bidder, and when ascertained to see if the amount of such bid is within the limit fixed by law.

Authorities are cited to the effect that a public official will not be required to do an act in furtherance of a project, when it is apparent that the project must fail because those whose duty it is to provide the necessary funds will not do so, or are unable to provide them. 26 Cyc. 168, and cases cited there. It is not to be presumed that funds will not be provided, unless the construction of the highways may now be lawfully abandoned. The question of funds and means for the construction of the highways was, undoubtedly, fully considered, and the county's ability to provide the same found to exist before the board made its order of December 23, 1914.

The relator insists that appellant was not justified in assuming that the county board, by passing the resolution of March 23, and by em-

ploying special counsel to assist the county attorney in defeating the construction of the contemplated highways, manifested an intention to abandon the whole project. We need not pass upon the merits of the contention, for, deeming the next proposition decisive of the result, we shall assume, for purposes of this decision, that the county board has clearly indicated an abandonment, and if the board did possess the power to abandon the project, then it would be improper to compel appellant to proceed further in the premises. This brings us to a consideration of the vital proposition in the case.

Could the board of county commissioners abandon the highway projects at the time the intention so to do was manifested? Appellant cites Valentine v. City of St. Paul, 34 Minn. 446, 26 N. W. 457; McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993, 43 L.R.A. 584, 74 Am. St. 508; Grant v. Common Council of Detroit, 91 Mich. 274, 51 N. W. 997. In respect to the first two, we note that they were actions to recover assessments paid where the improvement for which the assessments were made had been wholly abandoned by the city. The city, in the improvement involved in the McConville case, upon an appeal, caused a judgment to be entered dismissing the whole improvement proceeding before the taxpayer brought his suit to recover the assessments paid while the proceeding was pending. Clearly the party who started the proceeding could dismiss before trial or judgment. In the Michigan case it was held that, since the common council had authority to approve contracts for paving, this gave the council the right to abandon the project at any time before it approved the contract, although the bids had been obtained and the work was to be done under the direction of the board of public works of the city. In all of these cases the proceedings were instituted and carried on by the city or common council. The establishment of rural highways under the Elwell law is a different proceeding. To it the general drainage law is made applicable, and that law gives to the decision upon the petitioned project the character of a judicial determination. The county board as such does not institute the proceedings to establish and construct drains or state rural highways. That is done upon the petition of resident freeholders. The board of county commissioners is constituted the tribunal to hear the

petition (proper notice of the hearing having first been given to all parties interested), to determine the existence or nonexistence of the facts upon which the granting or refusal of the petition must depend, and then to make the proper order. When the board has determined the matter favorably to the petitioners and established the ditch or the rural highway, as the case may be, such determination is final. There is no appeal. If the county board had refused to establish the highways petitioned for in this instance, there could then have been an appeal to the district court. Suppose there had been such refusal and, upon appeal, the district court had entered judgment establishing the highways and ordering their construction, could it be contended that thereafter the county board might end and nullify the whole project by a resolution such as the one of March 23, or in any other manner? We consider the order of the county board, establishing a rural highway; of equal force with the judgment of the district court of like import. The act governing this matter, in section 9, chapter 230, p. 313, Laws 1905, declares that, upon due publication, posting and mailing of the notice of hearing upon the petition, the county board shall have jurisdiction of all lands affected as well as of all persons interested in such lands. Section 10 provides for a full hearing and determination, and sections 11 and 12 for appeals from the determination of the board. There is nothing in the whole act suggestive of the right of the board to abandon a highway once established. Section 36 speaks of a case where "for any reason the improvement has been abandoned and the proceedings dismissed," but this evidently refers to a dismissal before a valid order establishing the highway is made. The right of the petitioners and others to the rural highways asked for has been adjudicated. There were more than 100 petitioners concerned in the highway in which relator is interested. They were parties to the determination. It seems proper that the rights they and the public acquired through the hearing and determination of the county board shall not thereafter be taken away. The fact that the entire construction of a state rural highway has been committed to the county board does not justify the board in abandoning an established highway. Such is not the effect of the holding in Moody v. Brasie, 104 Minn. 463, 116 N. W. 941.

Chapter 230, p. 303, Laws 1905, reveals a further reason for holding that neither the county board nor the auditor can abandon or annul a state rural highway after it has been duly established and ordered constructed. Section 3 requires the petitioners to give a bond conditioned to pay all necessary expenses incurred up to the hearing if the petition is refused. These expenses may be quite large and include the publication, posting and service of notices, the survey, and the compensation of the viewers. If the county board grants the petition there can then be no liability on the bond, and there is no provision authorizing the board to pay these expenses, if after establishing the highway the board should conclude to abandon the enterprise.

The authority which the auditor has to reject bids does not imply that he, by rejecting all bids received, can put an end to the proceeding. If, after properly exercising his judgment as to the advisability of letting the construction to any of the bidders, he comes to the conclusion that there is no responsible bidder among them to whom, under the law, the contract may be let, and there is no way open to obtain any bidder who is responsible and willing to enter a contract for the construction within the amount permitted by law, there might arise a case where the project might fail because impossible of performance. But such is not this case as here presented. The bids were well within the permissible limit as to amount, and appellant virtually concedes that he refused to consider the character of the bids or the responsibility of the bidders.

When this proceeding was begun there was no injunction restraining the appellant from discharging the duty required of him by law. No good reason appears for ever issuing any restraining order against this appellant or the county commissioners in the suit of J. W. Thompson. And furthermore section 14, chapter 230, p. 318, Laws 1905, provides that the auditor may adjourn the letting of the construction contracts from time to time until the whole work shall be taken. We therefore conclude that ever since March 29 last the auditor has been free to proceed as directed by the peremptory writ herein.

No doubt appellant has acted in good faith, but he has failed to exercise his discretion upon the bids duly invited and received, and he may not refrain from so doing because the county board has indicated an intention to abandon the construction of the established highways, for

the board has not the power to now abandon the same.

Judgment affirmed.