# INGMAN O. GULLINGS AND OTHERS v. STATE BOARD OF DENTAL EXAMINERS AND OTHERS.[1]

May 28, 1937.

No. 31,210.

*Alvin B. Christofferson* and *James E. Markham,* for appellants.

*William S. Ervin,* Attorney General, and *Joseph M. Donahue,* Special Assistant Attorney General, for respondents.

HILTON, JUSTICE.

This is an appeal from an order of the district court of Ramsey county denying plaintiffs' motion for a new trial.

[1] Reported in 273 N. W. 703.

The action is brought under the uniform declaratory judgments act, L. 1933, c. 286, 3 Mason Minn. St. 1936 Supp. §§ 9455-1 to 9455-16, for the construction of L. 1935, c. 95, 3 Mason Minn. St. 1936 Supp. § 5762-1 to 5762-17, the same being an act to regulate the practice of dentistry in this state and hereinafter referred to as the dental act.

The right of the plaintiffs to bring the action is not questioned, nor is the constitutionality of the dental act involved. The particular point raised here is whether plaintiffs violated § 8 of the act by inserting a certain advertisement in a newspaper of general circulation in the city of Minneapolis, in which city plaintiffs' office is located.

Prior to the time the dental act became effective plaintiffs had been engaged in the practice of dentistry together under the name of the Nicollet Dental Clinic. The act prohibits the use of a corporate or trade-name for dental practitioners associated together, and the name was changed to "Dr. Gullings and Associates—Dentists. Successors to Nicollet Dental Clinic." They were expressly permitted by the act to use the latter statement in their title until December 31, 1936.

After the dental act became effective plaintiffs caused to be inserted in the newspaper an advertisement with reference to their practice. They were advised by the attorney general's office that the advertisement was a violation of the new dental act. They thereupon caused to be prepared and inserted, on advice of their counsel, a new advertisement, varying in some particulars from the previous one. A copy of this advertisement was attached to the complaint as exhibit A and reads as follows:

"Dr. Gullings and Associates—Dentists

Successors to

Nicollet Dental Clinic

| Dr. I. O. Gullings | Dr. A. G. Anderson |
| Dr. T. J. Gagnon | Dr. D. H. Brown |
| Dr. M. E. Lawler | Dr. A. H. Russell |

Drs. Russell—Gagnon—Anderson
*Specializing in*
PLATES
*and*
EXTRACTIONS
Open Daily 8:30 A. M. to 5:30 P. M.
608 NICOLLET AVE.
GE. 5910
*Second Floor—Medical Block—Opposite Donaldson's.*"

The advertisement was within the limitations of § 8 as to its width and depth. They were advised by a letter from the attorney general's office that the advertisement still violated the dental act. Plaintiffs thereupon brought this action to have the act construed, and particularly § 8, which defendants claim is the particular section violated by the advertisement. Section 8 provides:

"It shall be unlawful for any person, firm or corporation to publish, directly or indirectly, or circulate any fraudulent, false or misleading statements as to the skill or method of practice of any person or operator in the practice of dentistry; or, in any way to advertise to practice dentistry without causing pain; or to advertise in any manner with a view of deceiving the public, or in any way that will tend to deceive or defraud the public; or to claim superiority over other dental practitioners; or to publish reports of cases or certificates of same in any advertising media; or to advertise as using any anesthetic, drug, formula, material, medicine, method or system, or to advertise free dental services or examinations; or to advertise any amount as a price or fee for the service or services of any person engaged in the practice of dentistry, or for any material or materials whatsoever used or to be used; or to employ 'cappers' or 'steerers' to obtain patronage or to exhibit or use specimens of dental work, posters, or any other media calling attention of the public to any person engaged in the practice of dentistry; or to give a public demonstration of skill or methods of practicing dentistry at any place other than his office where he is known to be regularly engaged in the practice of his profession;

and every person committing an offense against any of the provisions of this section shall be guilty of a gross misdemeanor; provided, that any licensed and registered dentist may announce by way of a professional card containing only the name, title, degree, office location, office hours, phone number, and residence address and phone number, if desired, and if he limits his practice to a specialty he may announce it, but such card shall not be greater in size than eight column inches, and such information may be inserted in public print when not more than two columns in width and four inches in depth; or announce his change or [of] place of business, absence from; or return to business in the same manner; or issue appointment cards to his patients, when the information thereon is limited to matter pertaining to the time and place of appointment and that permitted on the professional card; or display the name of the licensee, on the premises where engaged in the profession, upon the windows thereof and by a door plate or name on office directory when the information is limited to that of the professional card. Provided, that the name and title of the registrant shall not be displayed in lettering larger than seven inches."

The controversy arises over that part of the advertisement which reads, "Drs. Russell—Gagnon—Anderson. Specializing in Plates and Extractions," which it is claimed by defendants violates § 8. Dr. Gagnon is no longer associated with plaintiffs, but the right to use this language with reference to Drs. Russell and Anderson is here involved.

The trial court concluded that the advertisement in question was a violation of § 8, and we think rightly so. Plaintiffs claim that there is nothing in that part of § 8 preceding the proviso which prohibits the advertisement in question and that the proviso was not intended to contain any further inhibitions or to enlarge the meaning or effect of the first part, but was added by the legislature merely as a precaution, to preclude any possibility of the courts' interpreting § 8 as prohibiting the type of advertising which is provided for in the proviso. It is further claimed that what the proviso means is that the type of advertising it specifically allows,

in addition to any other acts not specifically prohibited by the first part of the section, is permissible.

We are unable to agree with the claim that the first part of § 8, preceding the proviso, does not prohibit the advertisement in question. There can be little doubt that it prohibits advertising in any form whatsoever, and, were it not for the proviso, dentists would not be allowed to advertise in any manner in this state. Among others, the following provision is found in the first part of the section: "It shall be unlawful * * * to employ 'cappers' or 'steerers' to obtain patronage or to exhibit or use specimens of dental work, posters, *or any other media calling attention of the public to any person engaged in the practice of dentistry.*" (Italics supplied.) Can there be any doubt that the words italicized were intended to prohibit the use of advertising of any nature whatsoever, if its effect is to bring the dentist to the public attention? We apprehend not. It would be difficult to express such an intention in any clearer language.

It is true, a penal statute is to be strictly construed. 6 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 8989. But the construction cannot be contrary to the language used. State v. Cooke, 24 Minn. 247, 251, 31 Am. R. 344. When the legislature has clearly expressed its intention to prohibit a certain thing, in plain and unambiguous language, the court is bound to give effect thereto; and in this instance it is so clear and plain in its meaning that it can hardly be said to be a case requiring construction of that part of the dental act involved, at least in the absence of manifest mistake. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8938. That part clearly prohibits the exhibition or use of any kind of advertising, whether it be by radio, newspaper, motion pictures, or otherwise, if it calls the attention of the public to the practicing dentist.

The remaining question to be determined is whether or not the advertisement in question is permissible under the proviso. Plaintiffs contend that it is, but we do not agree. The proviso is permissive. It allows a dentist to announce or print certain information, "and if he *limits* his practice to a specialty he may announce it." The ordinary function of a proviso is to exempt from the oper-

ation of an act something that would otherwise be within its provisions. Moody v. Brasie, 104 Minn. 463, 116 N. W. 941; Cox v. Hart (C. C. A.) 270 F. 51; affirmed 260 U. S. 427, 43 S. Ct. 144, 67 L. ed. 332. It is to be construed in harmony with the remainder of the statute. State ex rel. Town of Marine v. Browne, 56 Minn. 269, 57 N. W. 659.

The plaintiffs are associated together in an office in the city of Minneapolis. It appears that the office is managed by Dr. Gullings, and the others work for him and under his direction. He pays them a salary in the form of a commission, each man's compensation being based on the amount of work he does. The balance of the receipts belong to Dr. Gullings, who pays the office overhead therefrom. A patient first entering the office is examined by Dr. Gullings, who makes the diagnosis and directs the patient to one of the associates for treatment. Drs. Russell and Anderson do work only in plates and extractions, but the others do not limit their practice to any specialized form of dentistry, and engage in a general practice. Drs. Russell and Anderson work and are paid on the same basis as the other associates. From these facts it would seem that the relationship between Dr. Gullings and his associates is that of employer-employe. However, whether it is or not, the result is the same.

It is evident that there are not five dental practices being conducted in this office, but one practice and one business, in which the plaintiffs are associated, and it makes no difference what their actual relationship to each other is. That practice is not a specialized one, but is general as well. The advertisement in question so announces. No other effect can be given to it. The names of the associates are listed under the title of the firm, and then follows the statement that two of them are specialists. That this violates the proviso is clear. We construe the language used to mean that if a dental practice is limited to a specialty only, that fact may be announced in the advertisement, and otherwise the insertion of such information in an advertisement is prohibited. Such is the clear intent of the legislature as expressed in the language used. It took away the privilege of a dentist to advertise, but restored it to a

modified extent, allowing him to advertise certain information and, in addition, to announce the fact that he was engaged in practicing a specialty, if in fact his practice is so limited. Only to that extent may he advertise, and the advertisement in question therefore violates § 8 because the practice involved is not limited to a specialty, but is general as well.

It can hardly be claimed that a dentist engaged in practicing alone may have a general practice and also specialize in some branch of his profession and may not so announce because his practice is not limited to a specialty, but that a group of dentists may associate themselves together and carry on a practice in which some of the members engage in specialized work and the balance in general practice, and that they may announce the fact that part of their practice is devoted to a specialty. The obvious intent of the legislature was otherwise.

We have not considered it necessary to take up each assignment of error separately, as they all related to the same ultimate question. Neither is it necessary to determine what constitutes a specialty within the meaning of § 8, or whether or not Drs. Anderson and Russell were in fact specialists. What has been said determines the question involved, *viz.*, plaintiffs' right to advertise in the manner attempted.

Affirmed.

MR. JUSTICE PETERSON, having been attorney general when the appeal in this case was taken, took no part in its consideration or decision.