(No. 4054— ▮▮▮▮▮▮▮

COLLEGE INN FOOD PRODUCTS COMPANY, AN ILLINOIS CORP., Claimant, *vs* STATE OF ILLINOIS, Respondent.

*Opinion filed September 21, 1948.*

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON AND MORSE (SHERMAN P. CORWIN, of Counsel), Attorneys for Claimant.

HON. GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN AND C. ARTHUR NEBEL, Assistant Attorneys General, for Respondent.

DAMRON, J.

The College Inn Food Products Company, an Illinois corporation, filed its complaint on December 17, 1947, to recover an award of $729.16 being the pro rata share of a liquor manufacturer's license fee for the unexpired portion of the license period ending June 30, 1947.

The complaint alleges that claimant is a wholly owned subsidiary of the Hotel Sherman, an Illinois corporation. Claimant applied for a license to manufacture alcoholic beverages for the license period from July 1, 1946 to June 30, 1947, and its check of $2,500.00 tendered in payment for said license payable to the order of the Illinois Liquor Control Commission was deposited with the State Treasurer. In due course a license was issued to claimant.

The record discloses that in each year from the enactment of the Illinois Liquor Control Act in 1934, until March 15, 1947, College Inn Food Products Company, applied for and was issued a license to manufacture alcoholic liquor by the Illinois Liquor Control Commission, and throughout this same period, Hotel Sherman, Inc., the parent corporation of the claimant, applied for and was issued retailer's licenses by the Liquor Control Commission.

Subsequently to the issuance of the license to the claimant by the Liquor Control Commission the commission ruled that claimant should discontinue the manufacture and rectification of alcoholic beverages by March 15, 1947. This rule was based on Article VI, Section 5, of the Liquor Control Act, which incidentally has been a part of the law since the enactment of the Act in 1934. Throughout this entire twelve year period it was never suggested to claimant until shortly before March 15, 1947 that the operation of the claimant might be contrary to

law. Subsequent to the ruling of the Liquor Control Commission that this claimant should cease the manufacture of alcoholic liquor and to surrender its license, Sec. 3 (e) of Art. VI of the Illinois Liquor Control Act was amended, so as to specifically establish that the claimant, as a subsidiary of Hotel Sherman, Inc., a retailer, could not be issued a manufacturer's license. This amendment became effective in July 1947. The record further discloses that pursuant to the ruling of the Illinois Liquor Control Commission, claimant discontinued the exercise of its license, so notified the commission, surrendered its license, ceased operation, and requested a refund for the pro rata portion of the $2,500 fee it had paid basing its claim on the unexpired portion of the license year, namely, from March 15 to June 30, 1947.

Respondent filed a motion to dismiss the complaint and both parties filed exhaustive written statements, briefs, and arguments in support of and in opposition to the motion to dismiss.

Respondent in its brief and argument contended (a) that the payment by claimant was voluntarily made with knowledge of the facts; (b) that the mistake, if any, was one of legal interpretation and (c) that claimant failed to come within any of the enumerated statutory categories which authorized refunds, such as death, insolvency, or bankruptcy.

In support of respondent's motion to dismiss, it cited *American Can Company* v. *Gill,* 364 Ill. 254; *Cooper Kanaley and Company* v. *Gill,* 363 Ill. 418; *Warren* v. *State,* 14 C.C.R. 84; *Chicago Cold Storage Warehouses Company* v. *State,* 13 C.C.R. Ill.; *Wright and Wagner Dairy Company* v. *State,* 12 C.C.R. 149; and *Orchard Theatre Company* v. *State,* 11 C.C.R. 271.

Claimant contended that the licensee may recover

the unexpired portion of the sum paid where it has been denied benefits of license by the same authority which granted it because of facts over which the licensee had no control. Claimant also distinguished the authorities cited by the respondent on the grounds· that in each of these cases the licensee had control over the circumstances which prevented the licensee from enjoying the benefits of the license and voluntarily relinquished the privilege granted by the license. Claimant further contended that specific statutory authority for a refund is required only in the event of a voluntary surrender of the licenses and in support of its position cited 53 C.J.S. "Licenses", Sec. 57 b (1) *Martel* v. *City of East St. Louis,* 94 Ill. 67; *People* v. *McBride,* 234 Ill. 146, 84 N.E. 865; *Lydick* v. *Korner,* 15 Neb. 500, 20 N.W. 26; *Scott* v. *Board of Trustees,* 132 Ky. 616, 116 S.W. 788; *Allsman* v. *Oklahoma City,* 21 Okla. 142, 95 Pac. 468; *Pearson* v. *City of Seattle,* 14 Wash. 438, 44 Pac. 884; *Sharp* v. *The City of Carthage,* 48 Mo. App. 26; *Charles Blum Co.* v. *Town of Hastings,* 76 Fla. 7, 79 So. 442; *Chamberlain* v. *City of Tecumseh,* 43 Neb. 221, 61 N.W. 632; *Roberts* v. *City of Boise,* 23 Idaho 716, 132 Pac. 306; *Olympia Brewing Co.* v. *State,* 102 Wash. 494, 173 Pac. 430; *Zeglin* v. *Board of Commissioners of Carver County,* 72 Minn. 17, 74 N.W. 901; *Hirn* v. *State of Ohio,* 1 Ohio St. 15.

This Court after giving careful consideration to the respective briefs, arguments and the numerous authorities cited therein overruled respondent's motion to dismiss.

The evidence in this case was taken in Chicago on May 14, 1948, and substantially establishes the facts, without dispute, as alleged in the complaint. A witness called on behalf of the respondent testified that a demand was made on the Illinois Liquor Control Commission for

payment of refund for the unused portion of the license fee which had been issued to claimant. This witness testified the refund was not given to claimant for the reason the appropriation had elapsed out of which refund could have been paid.

Where the privilege granted by the license has been revoked by the licensing authority because of some reason other than the fault of the applicant, the courts have consistently allowed the licensee a return of the unexpired portion of the license fee.

The applicable rule is stated in Corpus Juris Secundum (53 C.J.S. "Licenses", Sec. 57 b (1)):

"The unearned portion of the money paid for a license may be recovered by the licensee, where the license has become inoperative by acts or circumstances over which he had no control and without his volition."

After a careful consideration of the law applicable to this claim and the evidence submitted to us we hold that claimant is entitled to a refund for the unexpired portion of the license period.

An award is therefore hereby entered in favor of College Inn Food Products Company, Inc., in the sum of $729.16.