## KENYON v. WELTY.

20  637
95   74
95  199

A COURT of Equity will not relieve a party from a contract entered into by mistake, where the mistake is one purely of law, unattended with misrepresentation, undue influence, misplaced confidence, or other special circumstances of similar character.

Thus, a contract entered into by parties under a mutual supposition that the law affecting the subject of the contract was in accordance with a previous decision of the Supreme Court upon a similar state of facts, will not be set aside because of a subsequent decision by the same Court overruling the former one, and declaring a different rule upon the subject.

APPEAL from the Sixth Judicial District.

The facts are sufficiently stated in the opinion of the Court.

*Geo. R. Moore*, for Appellant.

I. The facts do not show even a mistake of law, but on the contrary, a perfect knowledge and understanding of it.

A decision was made by this Court, wherein a certain principle of law was laid down, and established as the law of the land. It was decided that the Superior Court of San Francisco was local in its jurisdiction, and that it had no power to send its writs out of that county. This was the law until it was reversed in October, 1858. With a full knowledge of this decision, and of what the law was, these parties contracted. If there was any mistake at all, it was a mistake of the Court, and not of the parties. If they could be charged with ignorance at all, it was not as to what the law was, but as to what it would be two or three years hence. This, most certainly, is not sufficient ground for relief.

The law existing at the time a contract is made is, and must continue to be, the law of that contract, notwithstanding the law may be changed, or cease to exist. (*Lyon* v. *Richmond*, 2 John Ch. Rep. 59.)

II. Conceding that, in making the agreement, the parties acted in mutual mistake of the law, this would not be sufficient to authorize the Court to interfere.

A mistake of law has rarely been held sufficient to authorize the Court to interfere in any case or under any circumstances.

Courts of Equity will not annul or rescind even executory contracts, without requiring the party asking the relief to show fraud or mistake of facts. In this case, as I have already remarked, neither fraud nor mistake is charged, but, on the contrary, the facts stated in the complaint show that neither could possibly exist.

" If the parties understood the facts, an erroneous deduction of law is no cause for annulling the contract." (*Fisher* v. *May's Heirs*, 2 Bibb. 448; *Taylor* v. *Patrick*, 1 Id. 168; *Shotwell* v. *Murray*, 1 John Ch. 516.)

" A Court will not relieve against mistakes of law." (*Smith* v. *McDougall*, 2 Cal. 586.)

" An agreement of compromise ought not to be disturbed, except for fraud, imposition, or mistake of fact." (*Shugart* v. *Thompson*, 10 Leigh, 436.)

" The rescission of a contract will not be granted on the ground of mere mistake of law, when there has been no fraud, concealment, or mistake of facts." (*Brown* v. *Armstead*, 6 Rand, 594; *Gunter* v. *Thomas*, 1 Ire. Ch. 199; *Crowder* v. *Langdon*, 3 Id. 476; *Belt* v. *Mehen*, 2 Cal. 159.)

" It is likewise a principle, that when the fact and the source of information are equally open to both, each party is bound to avail himself of such information; and when the fact is unknown to both, and the parties have had equal means of information, if they have acted in good faith, equity will not interfere." (*Goodenow* v. *Ewer*, 16 Cal. 471; Story's Eq. sec. 138; *Hint* v. *Rousmanuer's Administrator*, 1 Peter's Rep. 14; *Bank of the U. S.* v. *Daniels*, 12 Pet. 55; Greenleaf on Ev. Vol. 2, sec. 128; *Wintermute* v. *Snyder*, 2 Green Ch. 489; *Good* v. *Herr*, 7 Watts & Serg. 253; *Bell* v. *Steel*, 2 Humph. 148; *Trigg* v. *Read*, 5 Id. 529; *Dupre* v. *Thompson*, 4 Barb. 282; *Silliman* v. *Wing*, 7 Hill, 160; *Arthur* v. *Arthur*, 10 Barb. 15.)

*J. W. Winans*, for Respondent.

When a contract is made between two parties in mutual mistake and misconception of the law and of their rights in the premises, whereby their object in making such contract is defeated, so that it results that neither the subject matter of the contract has any

Kenyon *v*. Welty.

existence, nor any consideration was received, the contract will be rescinded and annulled by the Court of Chancery. (*Stapylton* v. *Scott*, 13 Vesey Jr. 426; Hilliard on Vendors, Vol. 1, 305; *Simpson* v. *Hawkins*, 1 Dana, 318; *Champlin* v. *Laytin*, 1 Edward's Ch. [N. Y.] 471; *Hadlock* v. *Williams*, 10 Vermont, 572; *Greenleaf* v. *Cook*, 2 Wheat. 13; *McDonald* v. *Neilson*, 2 Cow. 193; *Hunt* v. *Rousmanier*, 8 Wheat. 211; *Skillman* v. *Teeple*, Saxton [N. J. Ch.] 232; *Bowlin* v. *Pollock*, 7 Monroe, 26; *Marvin* v. *Bennett*, 8 Paige, 320; and cases there cited under note 1.) If it be clearly shown that the parties did not effect what they intended to do, a Court of Chancery will perfect the intention. (*Beardsley* v. *Knight*, 10 Vermont, 190.) It is true, that equity will not interfere to correct those evils which result from ignorance of law, without grave caution and in special cases. " I would not be understood," observes Vroom, Chancellor, after reviewing several of the authorities on this subject, "as saying that no case can possibly occur in which the Court would not interpose and relieve against a plain mistake arising from ignorance of law. The Supreme Court of the United States did not go so far, nor has any other Court. But, surely, the case in which an interference would be proper must be a very special one, and should show a very plain, clear mistake." (*Executors of Wintermute* v. *Executors of Snyder*, 2 Green's Ch. [N. J.] 500.) Perhaps a more clear and authoritative declaration of the doctrine could not be found, than that contained in the opinion of the Superior Court of the City of New York, in *Champlin* v. *Layton* (1 Edward's Rep. 467). " A contract entered into under a mutual misconception of legal rights, amounting to a mistake of law in the contracting parties, is as liable to be set aside or rescinded as a contract founded in mistake of matters of fact." Nothing could be more pertinent to this cause, or more decisive of its controlling issue. " Where different rules of action are laid down by different respectable tribunals, we ought to adhere to those that are in our view more consonant to the general analogies of the law, most conformable to reason, and agreeable to the ends of justice. In our view, these require in the class of cases now before us, that the presumption that every man knows the law—the principle on which some of the cases are founded—

should be permitted to be rebutted by proof, and relief granted against a mistake of law." (*Per curiam, Evans* v. *Strode*, 11 Ohio, (Stanton) 488; *Hopkins* v. *Mazyck*, 1 Hill's Ch. (S. C.) 251). "A mistake of law is a ground of relief from the obligations of a contract by which one party acquired nothing, and the other neither parted with any right nor suffered any loss, and which *ex æquo et bono* ought not to be binding, and it makes no difference that the parties were fully and correctly informed as to the facts and the mistake as to the law was reciprocal, but there must be evidence of palpable mistake, and not mere ignorance of the law." (*Laurence* v. *Beaubien*, 2 Bailey, 623.)

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The controlling facts in this case are these: The defendant Welty purchased a piece of land in the City of Sacramento at Sheriff's sale, under an execution issued upon a judgment rendered by the Superior Court of the City of San Francisco against one C. L. Ross, who was owner of the land. Welty conveyed a portion of the land so purchased to one Morris Nolan, who executed a mortgage upon it to the plaintiff Kenyon, as security for a loan of one thousand dollars. Afterwards, Welty procured a conveyance from Ross of all his title to the premises so bought at the Sheriff's sale, and including the portion sold to Nolan, and by him mortgaged to Kenyon. Shortly after the purchase, the decision of the Supreme Court of this State was made, in the case of *Meyer* v. *Kalkmann*, that the Superior Court of the City of San Francisco had no jurisdiction to issue process to run outside the limits of the City of San Francisco. After this decision, an agreement was entered into between Kenyon and Welty, in pursuance of which Kenyon transferred to Welty the mortgage of Nolan, in consideration of Welty's procuring a deed from his brother, in whom the title from Ross had become vested, to Kenyon, of a portion of the premises covered by the mortgage, and which portion was to be discharged from the lien of the mortgage. Some time after this agreement was carried into effect, the Supreme Court, in the case of *Hickman* v. *O'Neil*, overruled the former decision in the case of *Meyer* v. *Kalkmann*.

This action is brought to have this agreement set aside, upon the ground that it was made under a mutual mistake of the parties.

In the case of *Goodenow* v. *Ewer* (16 Cal. 461) this Court, speaking of mistakes of law, says: "Indeed, the weight of authority in the United States is, that the mistake, unless accompanied with special circumstances, such as misrepresentation, undue influence, or misplaced confidence, constitutes no ground of relief." The Court then quotes: "It may be safely affirmed," says Mr. Justice Story, "upon the highest authority, as a well established doctrine, that a mere naked mistake of law, unattended with any such special circumstances as have been above suggested, will furnish no ground for the interposition of a Court of Equity; and the present disposition of Courts of Equity is to narrow, rather than to enlarge, the operation of exceptions."

The only mistake that existed in this case, if there was any mistake, was one of law. The parties supposed that the Nolan mortgage was invalid, and that the title derived through the conveyance from Ross was valid. But this supposition rested wholly upon their supposition as to the condition of the law. They knew what the law was before the decision in the case of *Meyer* v. *Kalkmann*, and they knew of that decision, and they exercised their judgment as to the effect of that decision. There was no mistake or want of knowledge as to any fact that now appears in the case. Under the rule laid down in the case of *Goodman* v. *Ewer*, this is therefore not a case in which relief can be granted, unless it be characterized by some special circumstance of the nature above suggested as constituting an exception.

The plaintiff insists that such circumstances are found in the fact that the title on which the Nolan mortgage rests was derived from the defendant Welty, and that he informed Kenyon, through the latter's agent, that the title was good when Kenyon was about to take the mortgage. We should have great difficulty in saying, from anything we find in the facts of this case, that Welty would be under any obligation, legal or equitable, to make good the Nolan mortgage, if even the title had not been good. But, in fact, the title on which the Nolan mortgage rests, it appears, was good then and is now. The loss that the plaintiff has sustained is the result

of the mistake as to the condition of the law, and, as a consequence, as to the condition of the title at a subsequent period, and depending upon a matter which subsequently arose, to wit: the decision in the case of *Meyer* v. *Kalkmann.* The agreement which is now sought to be annulled was not induced by anything said or done by Welty; but on the contrary was, in some degree, extorted from him against his will. It was the result of a speculation upon, that is, the opinion of the parties as to the effect of a decision of this Court—in short, a pure mistake of law.

To establish the doctrine that all contracts made under a condition of the law, as expounded by the Supreme Court of the State, can be set aside if the Court subsequently changes its opinions or corrects its error, would be attended with very serious evils. What amount of confusion and litigation would arise in the City of San Francisco alone, if all contracts and conveyances, and transfers of possession, which were made under the supposed effect of decisions of this Court as to titles in that city could now be repudiated and set aside, in consequence of those decisions having been overruled or modified! Upon this subject Chancellor Kent, in the case of *Lyon* v. *Richmond*, (2 John's Ch. Rep. 59) says: " Every man is to be charged at his peril with a knowledge of the law. There is no other principle which is safe and practicable in the common intercourse of mankind; and to permit a subsequent judicial decision in any one given case on a point of law to open or annul everything that has been done in other cases of the like kind for years before under a different understanding of the law, would lead to the most mischievous consequences."

It is insisted that the Court below has found as a fact that the contract in question was made under a mutual mistake of fact as to the title; and as there was no motion for a new trial, it must be taken that the mistake in this case was one of fact and not of law. But the meaning of a particular expression in a finding must be considered in reference to the whole finding; and in this case there is no doubt that the meaning here is that the mistake as to the title was not as to any fact affecting the title, but as to the law affecting the title.

We have assumed, in the consideration of this case, that it was a

mistake to suppose the law to be as decided in the case of *Meyer* v. *Kallcmann*, during the period that elapsed before that decision was overruled, because, for the purpose of this decision, it was not necessary to take a different view; but we do not intend to express any views upon the point.

The judgment must be reversed, and the Court below directed to dismiss the complaint.