FRANK NICOLIN *vs.* JOSEPH SCHNEIDERHAN.

37    63
39   462

### June 1, 1887.

Deed—Description—Plat.—N. conveyed a town lot according to a certain plat. The plat represented the lot as bounded on the north by a street, and on the south by a stream, and its east and west lines as extending from the street to the stream. Upon the plat were figures purporting to give the length of these lines, but in fact the distance from the street to the stream was greater than the length of these lines as thus indicated on the plat. *Held*, that the plat became a part of the deed for the purposes of the description and identification of the land, and that, under the rule that distances must yield to monuments or natural boundaries called for in a deed, the conveyance of the lot according to the plat included all the land between the street and the stream.

Appeal by defendant from a judgment of the district court for Scott county, where the action was tried by *Macdonald, J.,* without a jury.

*E. Southworth,* for appellant.

*Peck & Brown,* for respondent.

MITCHELL, J.[1] The plaintiff, being the owner of a tract of land, executed and recorded a plat of it as "Nicolin's Addition to Jordan

---

[1] Berry, J., was absent, and took no part in the decision of this case

City." He then conveyed lot 1, in this addition, according to the recorded plat thereof, to one Hoskins, through whom defendant acquired title. As shown upon this plat, lot 1 extended north and south from Water street to Sand creek, the street being represented as the north, and the creek as the south, boundary. The east and west lines of the lot are represented as extending from the street to the creek, and upon these lines are figures giving their length as 35 and 33 feet, respectively. As a matter of fact, the distances between Water street and Sand creek are $59\frac{1}{4}$ feet on the east line, and $51\frac{1}{2}$ feet on the west line, of the lot. Plaintiff, claiming that lot 1 extends south from Water street only the distance indicated by these figures (35 and 33 feet) as the length of the east and west lines, brings ejectment against defendant for the strip of land lying between that and Sand creek. We remark, in passing, that we do not see why he might not with equal propriety have measured from Sand creek north, and claimed the strip of land fronting on Water street. The defendant claims that, according to the plat, lot 1 includes all the land between the street and the creek.

Upon these facts, there are two very familiar and well-established principles in the construction of conveyances, which are, in our opinion, decisive of the case: *First*, where a map or plat is referred to in a conveyance, it becomes, for the purpose of the description and identification of the land, a part of the deed; and, *second*, courses and distances must yield to monuments, visible objects, or natural boundaries called for in the deed. The plat according to which plaintiff conveyed, and to which his deeds referred, makes Sand creek the south boundary as distinctly as it makes Water street the north boundary of lot 1. It represents the east and west lines of the lot as extending from the street to the creek. Conveyances made with reference to this plat must be construed as calling for these boundaries, the same as if expressly incorporated into the body of the deeds, and, under the familiar rule referred to, these must control the distances.

Judgment reversed.