## FREDERICK ERKENS *vs.* FRANK NICOLIN.

### November 28, 1888.

**Money Paid under Mistake of Law, when Not Recoverable.**—Money paid under mistake of law cannot be recovered back where the transaction is unaffected by any fraud, trust, confidence, or the like, and both parties knew all the facts.

**Same—Representation as to Construction of Deed.**—Applied to a case where a party, under ignorance of the rule of law that distances must yield to natural boundaries called for in the deed, paid money for a quitclaim of property which, under this rule, already belonged to him.

Appeal by defendant from an order of the district court for Scott county, *Edson,* J., presiding, refusing a new trial after a trial by the court.

*Peck & Brown,* for appellant.

*E. Southworth,* for respondent.

MITCHELL, J. Action to recover back the money paid by plaintiff to defendant for a quitclaim deed of a piece of land in the village of Jordan. The facts, as disclosed by the evidence, are that defendant platted into lots a tract of land, of which he was the owner, lying between Water street and Sand creek. As shown upon the plat, the north and south lines of the lots extend from Water street to the creek. The distance marked on the plat gave the length of these lines as 80 feet, but the actual distance from Water street to the creek was 110 feet. One of these lots, and the adjoining 35 feet of another, had been conveyed by defendant, according to the plat, to plaintiff or plaintiff's grantor. Subsequently defendant claimed and stated to plaintiff, in substance, that the lots only extended back 80 feet, according to the distance indicated on the plat, and hence that he still owned the strip of 30 feet next to the creek. Plaintiff knew that defendant's claim was based wholly upon the theory that the distance given on the plat would control, and hence that his claim of title was in fact but expressions of opinion as to the legal effect and construction to be given to the plat. So far as the evidence shows, defendant made this claim in good faith, and honestly supposed that his deeds of the lots only conveyed 80 feet. Plaintiff took the matter under consideration for nearly a month, and went to the register's office and examined the plat for himself. He then obtained from defendant and wife a quitclaim deed of all the land down to the creek, and paid therefor the money which he now seeks to recover. When he paid the money he knew all the facts, and had the same means of knowledge of them which defendant had. The transaction was unaffected by any fraud, trust, confidence, or the like. The parties dealt with each other at arm's length. Plaintiff was not laboring under any mistake of facts. He took the deed and paid his money under a mistake of law as to his antecedent existing legal rights in the property, supposing that, according to the proper legal construction of the plat, the lots were only 80 feet deep. However, under the doctrine of *Nicolin* v. *Schneiderhan*, 37 Minn. 63, (33 N. W. Rep. 33,) since decided by this court, it is now settled that a deed of lots according to this plat would cover all the land down to the creek, under the rule that distances must yield to natural boundaries called

for in a deed. We are unable to see that this case differs in principle from *Perkins* v. *Trinka,* 30 Minn. 241, (15 N. W. Rep. 115,) and *Hall* v. *Wheeler,* 37 Minn. 522, (35 N. W. Rep. 377.)

It is unnecessary to enter into any discussion of the question (left in great confusion in the books) when, if ever, relief will be granted on the ground of mistake in law alone, or whether there is any difference between mistake of law and ignorance of law, or between ignorance or mistake as to a general rule of law and ignorance or mistake of law as to existing individual rights in the property which is the subject-matter of the contract. We hold that money paid under mistake of law cannot be recovered back where the transaction is unaffected by any fraud, trust, confidence, or the like, but both parties acted in good faith, knew all the facts, and had equal means of knowing them, especially where, as was evidently the fact in this case, the transaction was intended to remove or settle a question of doubt as to title. It would be impossible to foresee all the consequences which would result from allowing parties to avoid their contracts in such cases on the mere plea of ignorance or mistake of law affecting their rights. It would be difficult to tell what titles would stand, or what contracts would be binding, if grantors and grantees were at liberty to set up such a plea. This may seem to work inequitably in the present case, but more mischief will always result from attempting to mould the law to what seems natural justice in a particular case than from a steady adherence to general principles.

Order reversed.