WILLIAM B. POUDLER v. CITY OF MINNEAPOLIS and Another.[1]

March 6, 1908.

Nos. 15,505—(210).

**Plat—Dedication of Public Grounds.**

Where the owner of land, after platting, sells lots or blocks with reference to the plat, he and his grantees are estopped from denying the legal existence of the streets and public grounds dedicated by the plat.

**Evidence—Nonuser.**

The evidence justified the trial court in finding that the plat in question was duly accepted and that the title in the public to the "Park" therein described was not subsequently lost by nonuser of the premises.

Action in the district court for Hennepin county against defendant city and the board of park commissioners to determine adverse claims to certain real estate. The case was tried before Dickinson, J., who found as conclusions of law that plaintiff was the owner in fee simple of the land described in the complaint, subject to an easement in favor of the public to use the same as a park, and that defendants were entitled to costs and disbursements. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Frank I. Mason* and *Kerr & Fowler,* for appellant.

*C. J. Rockwood,* for respondents.

[1] Reported in 115 N. W. 274.

LEWIS, J.

In December, 1890, Vinette Lincoln and others platted a certain tract of land as George W. Lincoln's addition to Minnehaha Park, Minneapolis. The land was laid out in lots and streets, and a triangular tract was designated as "Park," the title to which is involved in this action. Appellant claims title as grantee of the original owners and platters, and respondents claim title by dedication through the plat. The court found that the plat was executed and presented to the city council of the city of Minneapolis for approval, and that the city council duly accepted and approved the same on December 19, 1890; that after the making and filing of the plat, and prior to the time appellant acquired any right to the premises in question, respondents acquired title to lots A and B and blocks 4 and 5, described in the plat, by certain conveyances executed by the makers of the plat; that such tract had at all times, up to November 3, 1906, remained in its natural state, vacant, unoccupied, and unimproved, except that it was used in common with other property contiguous thereto belonging to the park board and used by the public in the summer season for the purposes of picnicking and outdoor recreations; that the premises were conveyed to appellant on October 22, 1906, by the original owners, which deed was recorded November 6, 1906, by which appellant became the owner of the premises, subject, however, to the easement' of the public to the use and occupancy of the same for park purposes. Objection was made to the plat as evidence of title, for the reason that it was not properly executed.

It will be unnecessary to determine whether the plat failed to comply with the statute to such an extent as to render it invalid on its face for the purposes of dedication. It was treated as sufficient for the purpose, and was accepted by the city council and duly recorded. While respondents did not take possession of the specific property described, neither did the original owners ever take possession or assert any control thereof. It does not necessarily follow that, because respondents did not take actual physical possession of the property for about sixteen years after the plat was accepted and recorded, such conduct amounted to a refusal to accept the dedication. The fact that respondents had acquired other adjacent property in the same

division tended to overcome any presumption that the dedication had been rejected. Mere nonuser, in the sense of not taking actual possession, did not necessarily establish a refusal to accept the conveyance. The case is controlled by the principle that where, after platting lands, the owner sells lots or blocks with reference to the plat, the platters and their grantees are estopped to deny the legal existence of such streets and public grounds as are described in the plat. Nagel v. Dean, 94 Minn. 25, 101 N. W. 954; Hurley v. Mississippi & R. R. Boom Co., 34 Minn. 143, 24 N. W. 917. See also Borer v. Lange, 44 Minn. 281, 46 N. W. 358; State v. St. Paul, M. & M. Ry. Co., 62 Minn. 450, 64 N. W. 1140; Smith v. City of St. Paul, 72 Minn. 472, 75 N. W. 708. While the cases above referred to did not involve premises dedicated to the public as a "park," the principle of estoppel is the same as when the conveyance is made with reference to a street. Such purchaser is entitled to the benefits of the park upon the same ground that he would be entitled to the use of the street. Presumably the benefit entered into the consideration of his purchase.

In other jurisdictions no distinction seems to have been made between the rights of the grantee who purchased according to the plat, and the rights of the public generally in the premises—the streets, alleys, or parks—thus dedicated. City v. Zorn, 97 Tex. 317, 78 S. W. 925. In City v. Boyette (Tex. Civ. App.) 96 S. W. 935, the city had not taken possession and opened up the streets; but as against the platters and their grantees it was held that title vested in the city. The case of Rhodes v. Town, 145 Ind. 21, 43 N. E. 942, involved the dedication of a park, and it was held that an irrevocable dedication was effected by designating certain lands on a map filed in the county recorder's office as a park, and by selling lots with reference to the map. The opinion quotes from Dillon on Municipal Corporations (p. 763) as follows: "The doctrine of dedication to public uses has also been extended and applied to public squares in cities and villages, these being regarded as easements for the benefit of the public; and the fact of dedication may be established in the same manner as in the case of highways and streets, * * * where the words 'public square' are used on a plat this is an unrestricted dedication to public use." Abbott v. Inhabitants, 143 Mass. 521, 10

N. E. 325, 58 Am. 143; Com. v. Beaver, 171 Pa. St. 542, 33 Atl. 112; Steel v. City, 23 Ore. 176, 31 Pac. 479; Price v. Inhabitants, 40 N. J. L. 608.

Affirmed.