## MINNEAPOLIS BREWING COMPANY v. VILLAGE OF BAGLEY.[1]

February 7, 1919.

No. 21,153.

**Indian land — Minnesota liquor statutes inapplicable.**

1. The provisions of the statutes of this state, relative to licensing the sale of intoxicating liquors by the different municipalities thereof, have no force or effect in the territory covered by and included in the treaty between the Federal government and the Chippewa Indians in 1855.

**Same.**

2. The treaty and the various stipulations thereof are paramount and superior to state laws within that territory, and thereby the sale of intoxicating liquors therein has at all times since the date thereof been expressly prohibited.

**Same — recovery of liquor license fee.**

3. Money voluntarily paid to local municipal authorities, without mistake of fact, for a license to sell such liquors in that territory, cannot be recovered back by the person by whom payment was made, or by his assignee, upon the happening of an adverse local option election.

[1]Reported in 170 N. W. 704.

**Same — repayment of liquor license fee.**

4. In the absence of statute otherwise providing, the municipal authorities in such case have no authority to order a repayment of the license fee upon the occurrence of such election or otherwise, and an attempt to do so is null and void.

**Same — statute inapplicable.**

5. Section 3150, subdivision 2, G. S. 1913, has no application to license illegally granted in the Indian Territory referred to.

Action in the district court for Clearwater county to recover $404.03 upon certain village warrants. The defenses pleaded in the answer are stated in the second paragraph of the opinion. The case was submitted upon stipulated facts to Wright, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Cobb, Wheelwright & Dille,* for appellant.
*Oscar T. Stenvick,* for respondent.

BROWN, C. J.

The common council of the village of Bagley, acting under the statutes of the state, granted to certain applicants license to sell intoxicating liquors within the village for the period of one year. Before the expiration thereof and in March, 1909, the question of licensing the sale of liquor within the village was submitted to the electors, and a majority of the voters cast their ballots against the same; thereupon the licenses so granted by force of subdivision 2 of section 3150, G. S. 1913, became annulled and the sale of liquor thereunder unlawful. The holders of the licenses then applied to the village council under the provisions of the statute just cited for a refundment of the unearned portion of the license fee. The applications were granted and warrants on the village treasury ordered issued accordingly. They were issued in due and proper form and by the holders subsequently transferred in the usual course of business to plaintiff in this action. The warrants bear date in March, 1909, and the transfer to plaintiff occurred soon after the date of issuance. They were duly presented for payment on June 9, and payment was refused for want of funds. Payment was again demanded in February, 1916, and again refused.

This action to recover upon the warrants was commenced in March, 1916, and defendant interposed in defense: (1) The statute of limitations; and (2) that the attempted refundment by the village council of the unearned portion of the license fee was unauthorized by law and void, in consequence of which the warrants are not the legal or valid obligations of the village. The cause came on for trial in October, 1917, and by consent was submitted to the court upon an agreed statement of facts, which was made the basis of the court's findings of fact. As conclusions of law the court sustained both defenses and directed judgment for defendant from which plaintiff appealed.

Our consideration of the facts leads to the conclusion that the second defense was properly sustained by the trial court, and, as that disposes of the case upon the merits, we pass the question of the statute of limitations without comment or discussion.

The facts made the basis of the second defense are substantially as follows: Clearwater county, wherein the village of Bagley is situated, forms a part of the territory which was the subject matter of a treaty by the Federal government with the Chippewa Indians in 1855. A full history and the purpose and effect of the treaty will be found in the opinion of the court in Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. ed. 1383. One of the numerous stipulations of the treaty prohibited the sale of intoxicating liquor within the affected territory "until otherwise provided by Congress." Congress never otherwise provided, and the sale of liquor in that territory has been unlawful since the ratification of the treaty in 1855. The treaty was paramount and superior to the state laws, and our liquor statutes, insofar as they provide for licensing the sale of intoxicating liquor, have no operative force or effect in that territory. Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. ed. 1383; 38 Cyc. 975. It was a public law and presumptively within the knowledge of all persons affected by its provisions. Dole v. Wilson, 16 Minn. 472 (525) ; Minnesota Canal & Power Co. v. Pratt, 101 Minn. 197, 112 N. W. 395, 11 L.R.A.(N.S.) 105; 16 Cyc. 903. The licenses granted by the council of the village of Bagley were inoperative and furnished no protection to the holders; all sales of liquors made by them were illegal. The proceeding by which the licenses were granted was a voluntary matter, and the payment of the license fee here involved was

the free act of the applicants for the license. The money paid passed into the village treasury and was subsequently devoted to the purposes of the municipality.

The contention of the defendant on these facts is that the holders of the licenses which were treated as annulled by the village local option election, as heretofore stated, were not entitled to a return of the money paid therefor, and that the act of the village council in ordering a re-payment was unauthorized and void. In our opinion the trial court properly sustained that view of the case.

It is well settled that where license fees are paid voluntarily by the applicant for a license, without mistake of fact, the municipality re-ceiving the same, in the absence of a statute otherwise providing, is not liable for a return of the money, even though exacted under an uncon-stitutional statute, or otherwise be not a legal demand. 23 Cyc. 152; 25 Cyc. 631; 15 R. C. L. 315; Custin v. City of Viroqua, 67 Wis. 314, 30 N. W. 515; C. & J. Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L.R.A. 911; Levy v. Kansas City, 168 Fed. 524, 93 C.C.A. 523, 22 L.R.A.(N.S.) 862. The rule is not inflexible, and in particular cases recovery has been allowed by some of the courts. Alkman v. Okla-homa City, 21 Okl. 142, 95 Pac. 468, 16 L.R.A.(N.S.) 512, 17 Ann. Cas. 184. The fact that there may be a moral obligation supporting the claim does not change the rule. The money in such case after reaching the public treasury can be withdrawn only when legislative authority exists therefor, and considerations of a moral character should be ad-dressed to that department of state affairs. Such is the law of this state. Erkens v. Nicolin, 39 Minn. 461, 40 N. W. 567. And legislative relief has often been granted in furtherance of substantial justice. Bowen v. City of Minneapolis, 47 Minn. 115, 49 N. W. 683, 28 Am. St. 333; Calderwood v. Jos. Schlitz Brewing Co. 107 Minn. 465, 121 N. W. 221; chapter 109, p. 126, Laws 1913; chapter 306, p. 438, Laws 1913. There was no mistake of fact in this case. The treaty was notice to all con-cerned. It may have been unknown in fact, but that does not relieve the situation as a matter of law.

The only statute in this state claimed to have any application is sub-division 2 of section 3150, heretofore referred to. That statute provides for a refundment when the sale of liquor becomes unlawful after the

license has been issued and before the expiration of the term thereof; "in such cases and in no other," reads the statute. It has no application to the facts in the case at bar. The sale of liquor did not become unlawful after the issuance of the license for which the payments were here made, for the treaty heretofore referred to made the sale unlawful both before and after the date of that transaction. The license issued was a nullity, and the statute was not in force or effect in the village of Bagley. The trial court was therefore right in the conclusion reached. The remedy in a case of this kind is with the legislature. The case is unlike Zeglin v. Board of Co. Commrs. of Carver County, 72 Minn. 17, 74 N. W. 901. In that case the plaintiff applied for a particular license which the county board refused to grant, at the same time insisting upon retaining the license fee. Such is not the case at bar.

Judgment affirmed.