F. S. COURTRIGHT v. THE CITY OF DETROIT, MINNESOTA.[1]

June 17, 1921.

No. 22,321.

**Intoxicating liquor — recovery of license fee voluntarily paid.**
1. A licensee to whom a liquor license is unlawfully issued by a city, cannot recover the license fee voluntarily paid, even though it was paid in the belief that the license might lawfully issue.

**Same — rule not changed by erroneous decision of nisi prius court.**
2. The fact that a nisi prius court had erroneously held that the city had the right to license the sale of liquor does not give the licensee a right of recovery.

Action in the district court for Becker county to recover $490.36 for money had and received. Defendant's demurrer to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action, was sustained by Parsons, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

P. F. Schroeder, for appellant.
W. B. Carman, City Attorney, for respondent.

HALLAM, J.

The complaint alleges the following facts:

1. Detroit is situated within the boundaries of territory covered by the Chippewa Indian treaty of 1855. By the terms of that treaty, traffic in intoxicating liquor in that territory was prohibited "until otherwise provided by Congress." Congress never "otherwise provided." On January 9, 1911, the Federal district court of the district of Minnesota decided that the treaty provision was repealed by the act admitting Minnesota into the Union. Gearlds v. Johnson, 183 Fed. 611. An appeal was taken to the United States Supreme Court and on June 8, 1914, the decision of the district court was reversed

[1] Reported in 183 N. W. 346.

and the treaty prohibition was held binding and operative, and in effect held that defendant city had no authority to issue any license to sell intoxicating liquor. Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. ed. 1383.

On March 28, 1914, plaintiff, in good faith, and believing and relying on the decision of the district court, and under an honest mistake as to his rights, made application to defendant city for a liquor license, and paid into the city treasury a license fee of $1,500, and the city issued him a license to sell intoxicating liquors for one year. Upon learning of the decision of the United States Supreme Court, and on November 30, 1914, plaintiff closed his business and ceased selling liquor. He now brings this action to recover $490.36, "said sum being such part of said license fee * * * as corresponds to the period of time from said 30th day of November, 1914, to the date of the expiration of the period in said liquor license." The trial court sustained a demurrer to the complaint. Plaintiff appeals.

We are of the opinion that this case is ruled by the decision in Minneapolis Brewing Co. v. Village of Bagley, 142 Minn. 16, 170 N. W. 704. In that case the village of Bagley, situated in the territory covered by the same treaty prohibition, had issued a license to sell liquor. During the period covered by the license, the electors of the village voted to prohibit the sale of liquors and the effect would have been to annul the license had it been valid. This court held the licensee had no right to recover any portion of the license fee paid, on the principle that where a license fee is paid voluntarily by the applicant for a license, without mistake of fact, the municipality receiving the same, in the absence of a statute otherwise providing, is not liable for a return of the money, even though paid under an invalid statute or otherwise not a legal demand. It was held that there was no legislative authority for such refundment and that there was, in such case, no mistake of fact. The treaty, it was said, was notice to all concerned, and, though unknown in fact, that did not relieve the situation. The same observations are pertinent here.

2. In the Bagley case the decision of the Federal district court did not enter, but we do not consider this important. Reliance on an erroneous decision which is afterwards reversed gives no right of action.

Kenyon v. Welty, 20 Cal. 637, 81 Am. Dec. 137; Pittsburgh & L. I. Iron Co. v. Lake Superior Iron Co. 118 Mich. 109, 76 N. W. 395; 13 C. J. 379.

Order affirmed.