## IN RE APPLICATION OF CLARENCE RAY RAINES TO REGISTER TITLE TO CERTAIN LANDS v. VILLAGE OF ALDEN.

90 N. W. (2d) 906.

June 13, 1958—No. 37,383.

*Lionel K. Hvolboll,* for appellant.

*Peterson, Peterson & Krieger,* for respondent.

THOMAS GALLAGHER, JUSTICE.

On April 19, 1956, plaintiff filed application to register the title to certain lands located in the village of Alden, County of Freeborn, described as follows:

"Parcel 1:

"Warehouse Lots 10, 11 and 12, Village of Alden, more specifically decribed as that plot of ground encompassed by the following:

"Beginning at a point of the South Line of West Main Street in the Village of Alden, which point is 1000 feet West of the Northeast Corner of Warehouse Lot Number One in the Village of Alden, *according to the revised and consolidated plat of same as recorded in the office of the Register of Deeds of Freeborn County, Minnesota;* thence North 75° 10 min. West 25.00 feet along said South line of said West Main Street; thence North 70° 59 min. West 335.0 feet along said South line of said West Main Street; thence 33 feet more or less southerly at right angles; thence 360.0 feet more or less easterly parallel with the North side track of the C. M. St. P. & P. R. R.; thence 33 feet more or less northerly to the point of beginning." (Italics supplied.)

Therein, plaintiff sought to have the boundaries of such lots judicially determined, and it was subsequently stipulated that such determination might be pursuant to M. S. A. 559.23. The question in issue is whether the north line of plaintiff's lots extends beyond the south line of West Main Street in the village of Alden as shown in the Revised and Consolidated Plat of the village, which indicates that West Main Street has an overall width of 66 feet, to the south line of West Main Street as actually in present use. It is not disputed that the north line of the

right-of-way of the Chicago, Milwaukee, St. Paul & Pacific Railroad forms the south line of the described lots.

The village of Alden interposed an answer, asserting that at all times West Main Street had been a public street and highway 66 feet in width and thus dedicated and accepted by the public and for more than 50 years in use as such. It prayed for judgment as follows:

"* * * that the northerly boundary line of said Parcel 1 be determined and adjudged to be 33 feet south of the center line of said West Main Street *as now located and that said* West Main Street as now located be adjudged to be a public highway 66 feet in width, being 33 feet in width on each side of the center line as now located and established north of said Parcel 1; * * *." (Italics supplied.)

On page 38 of a plat book of Freeborn County, published in 1895, and submitted in evidence, West Main Street appears as a street 66 feet in width. On a plat of Alden village which has been in the office of the register of deeds of Freeborn County since 1899, but which was never recorded, West Main Street likewise appears as 66 feet in width. A revised plat of the village of Alden, dated March 18, 1915, also submitted in evidence, shows West Main Street to be 66 feet in width. All such plats indicate that the lots described as Parcel 1 in the application for registration are situated between the south line of West Main Street as platted and the north line of the railroad right-of-way. The March 18, 1915, plat was filed in the office of the register of deeds of Freeborn County on May 18, 1915. It is the only recorded plat of the village. It is designated as the Revised and Consolidated Plat of the Village of Alden.

The evidence further established that plaintiff's title was acquired by virtue of a deed from the State of Minnesota which had previously acquired title to the property under delinquent tax proceedings. Plaintiff's deed, dated November 24, 1954, and filed for record on November 12, 1955, describes the premises conveyed to plaintiff as follows:

"Warehouse Lots No. 10, 11 and 12 of Alden Village, the same as recorded and filed in the office of the Register of Deeds in and for Freeborn County and State of Minnesota * * *."

No evidence was presented to indicate that plaintiff had any other source of title than such deed. There was no proof that it was intended to convey more than the lots described as referred to in the description therein. No evidence was presented showing any title in plaintiff by adverse possession. As indicated above, the only plat of record at the time plaintiff received this deed was the 1915 Revised and Consolidated Plat of the Village of Alden which showed West Main Street as 66 feet in width and plaintiff's lots between the south line thereof and the north line of the railroad right-of-way. No other evidence material to the issue was submitted.

Subsequent to the trial, the court made findings and ordered judgment as follows:

"That on the date of said deed and on the date of the recording of said deed the only plat on record in the office of the Register of Deeds of Freeborn County, Minnesota, which included said Warehouse Lots 10, 11 and 12 in the Village of Alden, Minnesota, was the Revised and Consolidated Plat of the Village of Alden, Minnesota, which plat was dated March 18, 1915, and filed for record in Book 5 of Plats, page 4 on May 18, 1915, in the office of the Register of Deeds, Freeborn County, Minnesota; * * *.

* * * * *

"That no proof was produced by applicant showing that the conveyance by the State of Minnesota to applicant or any prior conveyance of 'Warehouse Lots 10, 11 and 12, the same as recorded and filed in the office of the Register of Deeds' was intended to convey more than Warehouse Lots 10, 11, and 12 according to the Revised and Consolidated Plat of the Village of Alden * * *."

On appeal plaintiff contends that the evidence is insufficient to support the findings and compels a finding that the northerly boundary of his lots extended to the south line of the used portion of West Main Street rather than the south line thereof indicated on the plats referred to.

■ Based upon the evidence outlined, we have no recourse but to affirm the trial court. Nothing was submitted to support plaintiff's claim that the north line of his lots extended beyond the south line of

West Main Street as shown by the Revised and Consolidated Plat of the Village of Alden. This plat was recorded on May 18, 1915, and has been regarded as the official plat of the city since that date. It is the only plat of the village of Alden that had been "recorded and filed in the office of the Register of Deeds, Freeborn County, Minnesota" at the time plaintiff received his deed from the state. It must follow that the identity, area, and boundaries of the lots conveyed to plaintiff by virtue of such deed can only be determined by reference thereto and that plaintiff is bound thereby. Nicolin v. Schneiderhan, 37 Minn. 63, 33 N. W. 33; Poudler v. City of Minneapolis, 103 Minn. 479, 115 N. W. 274.

■ This plat establishes beyond question that the width of West Main Street in the village of Alden is 66 feet and that the north line of plaintiff's lots is the south line thereof. Even if there were not a valid dedication of the streets and alleys therein as plaintiff contends, this would not affect the boundaries of the property conveyed to him since the description thereof in his deed is made dependent upon this plat.

As this court stated in the Poudler case (103 Minn. 480, 115 N. W. 274):

"It will be unnecessary to determine whether the plat failed to comply with the statute to such an extent as to render it invalid on its face for the purposes of dedication. It was treated as sufficient for the purpose, and was accepted by the city council and duly recorded. * * * The case is controlled by the principle that where, after platting lands, the owner sells lots or blocks with reference to the plat, the platters and their grantees are estopped to deny the legal existence of such streets and public grounds as are described in the plat."

See, also, Nicolin v. Schneiderhan, *supra.* In 16 Am. Jur., Deeds, § 274, this principle is expressed as follows:

"It is not necessary to the validity of a description in a deed by reference to a map or plat that the map or plat referred to be registered. Nor is the validity of the description destroyed because the recorded map of reference should not have been accepted by the recorder."

Under the authorities cited and the evidence outlined, the order appealed from must be affirmed.

Affirmed.