**Ricky L. POPP and Mary K. Popp, Appellants,**

v.

**The COUNTY OF WINONA, Respondent.**

**No. C2-88-695.**

Court of Appeals of Minnesota.

Oct. 4, 1988.

Review Denied Nov. 23, 1988.

William A. Lindquist, Winona, for appellants.

Julius E. Gernes, Winona Co. Atty., Winona, for respondent.

Heard, considered and decided by HUSPENI, P.J., and NORTON and HACHEY *, JJ.

## OPINION

RONALD E. HACHEY, Judge.

Appellants Ricky Popp and Mary Popp appeal from an order quashing their alternative writ of mandamus. The alternative writ directed respondent County of Winona to commence condemnation proceedings for the taking of appellants' property in connection with the widening of a county road, or in the alternative, show cause why it had not done so. After a show cause hearing and the submission of briefs, the trial court quashed the writ and denied any further relief to appellants. We affirm.

## FACTS

The Popps have been owners of a homestead fronting on East Burns Valley Road, also known as County Road 105, since March 1987. The legal description of the Popps' land, as indicated in their warranty deed, references Lot Thirteen (13), a John Bohn Farm, and Iron Monuments which are located on the center line of County Road 105 and on the Popps' property.

During the summer of 1987, the county improved County Road 105 and widened it approximately seven feet. Appellants claim the improvements to the roadway took seventeen feet of their land. The actual roadway is now approximately twenty feet from the Popps' homestead, with the right of way limit being approximately ten feet from the homestead.

Before construction of County Road 105, Winona County did not negotiate with the Popps to obtain any additional right of way. The county believed that a dedicated right of way existed which was 66 feet in width; 33 feet on either side of the center line. The county confined all construction of the road to 33 feet on either side of the center line of County Road 105.

The county believed a roadway of 66 feet existed due to an 1880 auditor's plat on file with the Office of the County Recorder. The 1880 plat identifies lots, easements, and roadways as they relate to the Popps' property and County Road 105. The roadway depicted in the 1880 plat is 66 feet in width as scaled from the plat. The plat also references iron monuments which are located along the center line of the roadway and 33 feet from the center line on the Popps' property. A subsequent redrawing of the 1880 auditor's plat by the City of Winona in 1957 also shows a roadway of 66 feet in width.

No deed or condemnation proceeding dedicates County Road 105. The 1880 plat does not contain words of dedication, nor is it signed by the surveyor or a proprietor, nor does it label and number streets.

On November 12, 1987, the Popps filed a petition for writ of mandamus, contending that Winona County had seized their property without just compensation. The Winona County District Court issued an alternative writ of mandamus on November 18, 1987 directing the county to initiate condemnation proceedings or, in the alternative, show cause why it had not done so. The county did not file a formal answer, but chose to show cause at the hearing scheduled for this matter on November 30, 1987.

Appellants' attorney offered no evidence at the hearing, and did not believe that evidence would be presented at this time. At the hearing on this matter, the county filed an affidavit and offered the testimony of Richard Arnebeck, the Winona County highway engineer. Mr. Arnebeck testified that he believed that the 1880 plat dedicated the road, and also testified regarding

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

the dimensions of the road and the iron monuments found in the road. No other evidence was presented and both parties thereafter submitted briefs and reply briefs on the issue of whether a taking had occurred.

On February 24, 1988, the trial court issued its order quashing the writ of mandamus, and denied all relief prayed for by the alternative writ of mandamus petition. The trial court's memorandum stated that because the plat was made by the auditor, there had been no statutory dedication of the road and further ruled that the county board by its resolution had no power to establish a road if it had not first legally acquired the land. However, the trial court found that because the 1880 auditor's plat was incorporated into the legal description in the Popps' deed, the Popps were estopped to deny dedication of the road to the full width of 66 feet as shown on the plat. The trial court held that the widening of the road had been confined to the 66–foot right of way, so no taking had occurred for which the Popps were entitled to compensation. Appellants contend that because this is not a statutorily dedicated road, Winona County did not gain title to more than the actual use of the road and cannot use estoppel to circumvent the constitutional requirement of just compensation when a taking occurs.

### ISSUES

I. Did the trial court follow proper mandamus procedure?

II. Did the trial court err in quashing the alternative writ of mandamus?

### ANALYSIS

 A trial court's order on an application for mandamus relief will be reversed on appeal only where there is no evidence reasonably tending to sustain the trial court's findings. *See State ex rel. Banner Grain Co. v. Houghton*, 142 Minn. 28, 30, 170 N.W. 853 (1919). This court need not defer to the ultimate conclusions drawn by the trial court. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn. 1977).

I.

Appellants claim that the trial court did not follow the statutory procedures for a mandamus proceeding in allowing a hearing to be held, without Winona County first responding by filing a written answer. The alternative writ of mandamus, dated November 18, 1987, commanded the County of Winona to initiate condemnation proceedings in relation to appellants' property, *or in the alternative*, show cause why it had not done so. The county did not file an answer, but instead introduced the testimony of the county engineer to show cause why it had not initiated condemnation proceedings.

Appellants claim is made pursuant to Minn.Stat. § 586.06 (1986), which provides:

On the return day of the alternative writ, or such further day as the court shall allow the party upon whom the writ is served *may* show cause by answer made in the same manner as an answer to a complaint in a civil action.

(Emphasis added). Appellants objected to the taking of evidence at the November 30th hearing, because no formal answer had been filed, and because Minn.Stat. § 586.08 (1986) provides, in part:

No pleading or written allegation, other than the writ, answer, and demurrer, shall be allowed. They shall be construed and amended, and the issues tried, and further proceedings had, in the same manner as in a civil action.

 The statute does not require a defending party to file an answer, but rather makes it permissive on a defendant's part. The county chose to take the alternative route of showing cause, as allowed in the alternative writ issued by the Winona County District Court. While appellants' attorney was surprised that evidence would be taken and did not offer any, the alternative writ clearly stated that Winona County could show cause at the hearing held on November 30, 1987. At this hearing, the trial court said that a full trial would be held if it were shown that facts were in dispute or that there was a question of law

which required more evidence. The trial court ruled as a matter of law that appellants were not entitled to mandamus relief, and therefore did not hold a further trial on this issue. The procedure used by the trial court is clearly permissible under the statute. Furthermore, it is clear to us that there is no dispute of material facts in this case, and no evidence which appellants could have presented which would have changed the outcome decided on a question of law.

■ Appellants next claim that Winona County raised new issues in its brief to the trial court regarding the estoppel argument. Appellants are correct when they state that Winona County did not make this argument to the trial court at the November 30, 1987 hearing. No oral or written arguments were presented to the trial court at that time, and the trial court asked the parties to make their legal arguments in their memoranda. Appellants had an opportunity in their reply memorandum to rebut Winona County's legal theory regarding estoppel by deed.

There was no error in allowing Winona County to argue all legal points in its post hearing memorandum, since no arguments were made at the show cause hearing. Furthermore, appellants were not prejudiced by any legal arguments raised in Winona County's memorandum, since they had an opportunity to rebut them prior to the trial court's making a decision on this matter.

## II.

Appellants contend the county cannot use estoppel in claiming the full 66-foot width of County Road 105, when the plat is not properly dedicated. The trial court ruled that the plat was never statutorily dedicated, but that the Popps were estopped from denying the validity of the plat because the deed to their property refers to this plat.

■ Statutory dedication is one by plat executed and recorded by statute. *Headley v. City of Northfield*, 227 Minn. 458, 461, 35 N.W.2d 606, 608 (1949). The plat must be acknowledged as provided by statute, and the intention to dedicate by statute must be clearly expressed on the face of the instrument. *Menage v. City of Minneapolis*, 104 Minn. 195, 197, 116 N.W. 575, 576 (1908).

■ The 1880 plat did not meet the statutory requirements in dedicating a plat as provided in the governing statute, Gen. Stat. ch. 29, §§ 1–4 (1878). The plat does not set forth streets, giving names and widths, nor does it designate monument locations, nor is it acknowledged by a proprietor, and it contains outlots exceeding ten acres. The trial court correctly found that the subject plat is an auditor's plat, and used to plat irregular plots of land for tax purposes. The trial court correctly held that an auditor's plat cannot designate or donate public streets. *See* Op.Minn. Att'y Gen. 18–D (May 2, 1949).

Appellants argue, and the trial court held, that Winona County had no power to widen an existing road to four rods, 66 feet, unless it had legally acquired the land. *See Barfnecht v. Town Board of Hollywood Township*, 304 Minn. 505, 232 N.W. 2d 420 (1975). The trial court further held that the Winona County Board resolution on July 10, 1956, could therefore not dedicate County Road 105 because it had only been a user dedicated road.

Even though the trial court found that the plat was improperly dedicated, and that the county had not gained a 66–foot road by dedication, it held that appellants could not deny the validity of the plat.

■ When a conveyance is made with reference to a plat, all lot owners are deemed to have full knowledge and notice of everything appearing on the plat. *Poudler v. City of Minneapolis*, 103 Minn. 479, 481, 115 N.W. 274 (1908). The purchaser assumes all rights and easements represented in the plat. *Bryant v. Gustafson*, 230 Minn. 1, 8, 40 N.W.2d 427, 432 (1950).

■ This case is controlled by the principle that where, after platting lands, the owners sells lots or blocks with references to the plat, the platters and their grantees are estopped to deny the legal existence of

such streets and public grounds as are described in the plat. *Poudler*, 103 Minn. at 481, 115 N.W. at 274. We believe that even though *Bryant* and *Poudler* involved proprietor plats, their holdings are not limited only to proprietor plats. The supreme court has expanded this holding to be used for all plats generally:

It is not necessary to the validity of a description in deed by reference to a map or plat that the map or plat referred to be registered. Nor is the validity of the description destroyed because the recorded map of reference should not have been accepted by the recorder.

*Raines v. Village of Alden*, 252 Minn. 530, 534, 90 N.W.2d 906, 909 (1958) (quoting 16 Am.Jur. *Deeds* § 16)).

 The legal description of appellants' property references Lot 13 of the record plat. Accordingly, the plat was incorporated into the legal description and appellants are estopped from denying the plat's validity. Given the explicit reference to the 1880 plat in appellants' deed, appellants were on notice and accepted all rights and easements, including the 66-foot roadway. The trial court was correct in quashing the alternative writ of mandamus and denying appellants' claim that their property had been unconstitutionally taken.

## DECISION

The trial court followed proper mandamus procedure when it allowed Winona County to present evidence at a show cause hearing without having first filed an answer. The trial court correctly quashed the alternative writ of mandamus because appellants are estopped from denying the validity of the plat after having received their property by deed which references the plat.

AFFIRMED.