Martha COYLE and Ben Coyle, individually and as guardians for their two minor children, Josh and Kelly Coyle, Petitioners, Respondents,

v.

CITY OF DELANO, et al., Lower Court Respondents,

Wright County Humane Society, Appellant.

No. C6–94–1146.

Court of Appeals of Minnesota.

Jan. 10, 1995.

Gregory T. Spalj, Holly A.R. Hart, Fabyanske, Svoboda, Westra, Davis & Hart, P.A., Minneapolis, James F. Lord, Miles W. Lord & Associates, Chanhassen, for respondents Martha Coyle and Ben Coyle, individually and as guardians for their two minor children, Josh and Kelly Coyle, petitioners.

Timothy J. Shields, Shields Legal Services, P.A., Hopkins, for appellant Wright County Humane Society.

John P. Borger, Faegre & Benson, Minneapolis, for amicus curiae Star Tribune.

Considered and decided by SHORT, P.J., and NORTON and PETERSON, JJ.

## OPINION

SHORT, Judge.

Martha and Ben Coyle ("the Coyles") filed a petition for a peremptory writ of mandamus seeking the return of their dog, an award of costs, and punitive damages. The City of Delano ("city") and the Delano City Council ("council") moved to dismiss. The Coyles filed an amended petition to compel information on the whereabouts of their dog, facilitation toward the return of their dog, and an award of costs and punitive damages. The Wright County Humane Society ("humane society") orally moved to dismiss the Coyles' petition. After a hearing, the trial court concluded the dog was no longer in the custody or control of the city or humane society, and: (1) dismissed with prejudice the city, the council, and individual members of the humane society board; (2) dismissed without prejudice the Coyles' claim for punitive damages; and (3) ordered the humane society to give the Coyles the name and address of the person who had bought their dog. On appeal, the humane society argues the Coyles do not have standing to

bring this action and the trial court failed to follow the proper procedures when issuing the writ of mandamus.

## FACTS

The Coyles and their two children own a German short-haired pointer dog. On Tuesday, March 15, 1994, the city found the Coyles' dog unleashed and roaming the streets. A city employee transported the dog to the humane society.

On Wednesday, March 16, the Coyles discovered their dog at the humane society. Before they could take their dog home, the Coyles had to pay the city a twenty dollar fine at the Delano courthouse. Due to their work schedules and inconvenient courthouse office hours, the Coyles were unable to pay the fine until Monday, March 21.

After paying the fine, the Coyles returned to the humane society to retrieve their dog. The Coyles were informed their dog was on the premises, but could not be returned to them because another individual had paid money to purchase the dog. The next day, the Coyles returned and insisted on securing their dog. The humane society said the dog was gone and refused to tell the Coyles who had purchased their dog or the dog's present location.

## ISSUES

I. Do the Coyles have standing to bring an action under Minn.Stat. § 35.71, subd. 3 (1992)?

II. Did the trial court follow the proper procedures when issuing the peremptory writ of mandamus?

## ANALYSIS

■ Mandamus is an extraordinary legal remedy awarded, not as a matter of right, but in the exercise of sound judicial discretion and upon equitable principles. *State ex rel. Hennepin Co. Welfare Bd. v. Fitzsimmons,* 239 Minn. 407, 422, 58 N.W.2d 882, 891 (1953). A trial court's order on an application for mandamus relief will be reversed on appeal only when there is no evidence reasonably tending to sustain the trial court's findings. *State ex rel. Banner Grain Co. v.*

*Houghton,* 142 Minn. 28, 30, 170 N.W. 853, 853 (1919); *Popp v. County of Winona,* 430 N.W.2d 19, 22 (Minn.App.1988), *pet. for rev. denied* (Minn. Nov. 23, 1988).

### I.

To obtain a writ of mandamus, a petitioner must meet standing requirements. Minn. Stat. §§ 586.01–.02 (1992). A petitioner must demonstrate: (1) the failure of an official duty clearly imposed by law; (2) a public wrong specifically injurious to petitioner; and (3) no other adequate specific legal remedy. Minn.Stat. §§ 586.02, .04 (1992); *State ex rel. Coduti v. Hauser,* 219 Minn. 297, 302, 17 N.W.2d 504, 507 (1945) (quoting *State ex rel. Schwartzkopf v. City Council,* 121 Minn. 182, 187, 141 N.W. 97, 99 (1913)); *see Friends of Animals & Their Environment (FATE) v. Nichols,* 350 N.W.2d 489, 491 (Minn.App.1984) (mandamus requires the existence of a law specifically requiring the performance of an act which is a duty imposed on a person resulting from the office that person occupies and a showing of a public wrong especially injurious to the petitioner), *pet. for rev. denied* (Minn. Dec. 20, 1984).

■ As an agency having custody of animals that are seized under public authority, the humane society has an official duty imposed by law to maintain certain records. Minn.Stat. § 35.71, subd. 3 (1992) provides:

All animals seized by public authority must be held for redemption by the owner for at least five regular business days of the impounding agency or for a longer time specified by municipal ordinance.

* * * Establishments must maintain the following records of the animals in custody, and preserve the records for at least six months: * * * (e) the name and address of the person to whom any animal three months of age or over was transferred. The records must be maintained in a form permitting easy perusal by the public. A person may view the records and animals in custody at any time during which the establishment is open to the public.

The statute unambiguously creates a public right to access certain information about ani-

mals seized by a public authority. The Coyles are members of the public. By refusing to identify the party to whom the Coyles' dog was transferred, the humane society violated the statute.

That public wrong is especially injurious to the Coyle family. It is undisputed that: (1) the Coyles owned their dog for over three months; (2) the dog was seized by the city and transferred to the humane society; (3) the humane society transferred the dog to an unknown third party; (4) the humane society maintains the records required by the statute; and (5) the humane society refuses to disclose the name of the transferee. The Coyles cannot substantiate their claims or retrieve their dog until they discover the name of the transferee. *See Victor Co. v. State*, 290 Minn. 40, 45, 186 N.W.2d 168, 172 (1971) (mandamus will lie only where there is no other adequate remedy at law). An order compelling the humane society to disclose the records would remedy their injury. Under these circumstances, the Coyles have standing to bring this action under Minn.Stat. § 35.71, subd. 3.

## II.

Minn.Stat. §§ 586.01–.12 (1992) describe when and under what circumstances a writ of mandamus may issue. The humane society argues the trial court did not follow the statutory procedures for a mandamus proceeding.

■ The humane society argues the Coyles' petition was not timely amended because the amendment was filed two days before the hearing. The decision to allow a party to amend its pleading, however, is committed to the trial court's discretion. *Utecht v. Shopko Dep't Store*, 324 N.W.2d 652, 654 (Minn.1982). The humane society does not claim it was prejudiced by the timing of the amendment. *See Raspler v. Seng*, 215 Minn. 596, 599, 11 N.W.2d 440, 441 (1943) (party objecting to amendment of pleading has burden of proving that he will be prejudiced); *Lumbermen's Underwriting Alliance v. Tifco, Inc.*, 465 N.W.2d 580, 584 (Minn.App. 1991) (allowing amendment where other party would not be prejudiced), *pet. for rev. denied* (Minn. April 1, 1991). In addition,

the record shows the humane society had a full opportunity to argue its position. Under these circumstances, we cannot say the trial court abused its discretion by permitting the Coyles to amend their petition.

The humane society also argues it was denied its right to file a written answer before the mandamus hearing. *See* Minn.Stat. § 586.06 (on return day of alternative writ, court shall allow nonmoving party to answer). The procedure for a peremptory writ of mandamus, however, differs from that for an alternative writ. An alternative writ permits a defendant to answer the petition and show cause for not complying with the writ, while a peremptory writ does not. Minn.Stat. § 586.03. Peremptory writs may be allowed in the first instance only when the right to require performance of the act is clear and no valid excuse for nonperformance can be given. Minn.Stat. § 586.04. The trial court found: (1) Minn.Stat. § 35.71 required the humane society to permit "easy perusal by the public" of its records regarding seized animals; (2) the humane society refused to supply the required information; and (3) fact issues relating to how long the dog was held were immaterial to the humane society's clear violation. The evidence supports these findings and the procedure used by the trial court is permissible under the statute.

■ The humane society further argues that the trial court erroneously denied it its right to a jury trial. *See* Minn.Stat. § 586.12 (each party is entitled to have any issue of fact tried before a jury, as in a civil action). Although the mandamus statute entitles either party to try issues of fact before a jury, when facts are substantially undisputed no statutory or constitutional right to a jury trial exists. *See State ex rel. Pillsbury v. Honeywell, Inc.*, 291 Minn. 322, 333 n. 9, 191 N.W.2d 406, 413 n. 9 (1971) (no right to a trial where there is no issue of fact); *State ex rel. Landon v. Anding*, 132 Minn. 36, 38, 155 N.W. 1048, 1049 (1916) (where pleadings, admissions, and undisputed evidence demonstrate that there is no factual issue for the jury, no jury trial is required); *Popp*, 430 N.W.2d at 23 (holding that where there is no dispute of material facts, a trial is unnecessary). In light of the humane society's press

release and the letter from its Board of Directors, the humane society cannot sincerely dispute who owned or seized the dog. The trial court did not err in proceeding without a trial when no material facts were at issue.

## DECISION

The Coyles have standing to maintain an action to compel disclosure of the humane society's records. The trial court followed proper mandamus procedures.

**Affirmed.**