Barry **WALTHER**, Petitioner, **Appellant,**

v.

Loretta J. **LUNDBERG, Lincoln County Registrar of Titles, Respondent.**

No. C2–02–798.

Court of Appeals of Minnesota.

Dec. 17, 2002.

Paul E. Stoneberg, Stoneberg, Giles & Stroup, P.A., Marshall, MN, for appellant.

Arvid Wendland, Wendland Timmerman, Blue Earth, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge, PETERSON, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant challenges a district court order dismissing his petition for mandamus seeking to require respondent, the Registrar of Titles in Lincoln County, to remove an easement memorial from his certificate of title. Appellant asserts: (1) respondent had an official duty to refrain from unilaterally adding an easement to his certificate of title, (2) the addition of the easement was a public wrong that injured appellant, and (3) "proceedings subsequent" do not afford appellant an adequate remedy. Because we conclude the proceedings subsequent remedy provides appellant with an adequate remedy at law, we affirm.

## FACTS

Appellant is the purchaser of real property located in Lincoln County. On June 13, 1996, an easement was created by written agreement between the then-owners of appellant's property and the adjoining property, and registered as document number 3785. The easement granted the adjoining property owner (the dominant estate) the right to construct and maintain a tile drain across the property eventually purchased by appellant (the servient estate). Respondent never memorialized the easement on certificate of title number 1327 issued to appellant's predecessor in interest or certificate number 1422 issued to appellant. During the week of April 26, 2001, respondent memorialized the easement on appellant's certificate of title. Respondent did not refer the matter to the Lincoln County Examiner of Titles pursuant to Minn.Stat. § 508.71, subd. 1a (2002).

Originally, appellant sought a peremptory writ of prohibition and mandamus directing respondent to remove the easement memorial on appellant's certificate of title. The district court denied the writ and ordered that the matter proceed to trial. The court of appeals affirmed the district court. *Walther v. Lundberg,* No. C8-01-2030 (Minn.App. Dec. 18, 2001) (order).

Respondent then moved to dismiss the action under Minn. R. Civ. P. 12.02(a) and (e) for lack of subject matter jurisdiction and failure to state a claim. The district court granted respondent's motion and dismissed the petition for lack of subject matter jurisdiction after concluding that there was a plain, speedy, and adequate remedy in the ordinary course of law found in Minn.Stat. § 508.71, subd. 2. The present appeal followed.

## ISSUE

Does the availability of a proceedings subsequent remedy preclude the issuance of a writ of mandamus to compel a registrar of titles to remove an easement added, without authority, to a certificate of title?

## ANALYSIS

Ordinarily, on appeal, we will reverse a district court's order on an application for mandamus relief "only when there is no evidence reasonably tending to sustain the trial court's findings." *Coyle v. City of Delano,* 526 N.W.2d 205, 207 (Minn.App.1995). When the district court's decision on a petition for mandamus is based only on questions of law, however, we exercise de novo review. *Demolition Landfill Services, LLC v. City of Duluth,* 609 N.W.2d 278, 280 (Minn.App. 2000), *review denied* (Minn. July 25, 2000). The question of law presented in this case is whether a writ of mandamus should issue to compel a registrar of titles to remove an easement memorial or whether

Minn.Stat. § 508.71, subd. 2, provides an adequate legal remedy precluding such an order.[1]

◼ Mandamus is an extraordinary remedy that should only be awarded in the exercise of judicial discretion and upon equitable principles. *Coyle,* 526 N.W.2d at 207. To obtain mandamus relief, a petitioner must demonstrate (1) the failure of an official duty clearly imposed by law, (2) a public wrong specifically injurious to petitioner, and (3) no other adequate specific legal remedy. Minn.Stat. §§ 586.02, .04 (2002); *Coyle,* 526 N.W.2d at 207.

1. Failure of an official duty imposed by law

◼ Appellant asserts that Minn.Stat. § 508.71, subd. 1a, did not authorize respondent to unilaterally add the easement memorial to appellant's certificate of title without first referring the matter to the examiner of titles. He argues that none of the statutory exceptions permitting such unilateral action are applicable. In pertinent part, this statute states:

The registrar may correct clerical errors or omissions made by the registrar's staff in producing certificates of title. * * * If the error or omission may adversely affect the interest of a party, the registrar shall refer the correction to the

examiner of titles. The registrar shall prepare subsequent certificates correctly and omit the memorial of the correction.

Minn.Stat. § 508.71, subd. 1a (2002). Appellant asserts that since the inclusion of the easement notation on his certificate of title "adversely affects" his interests, respondent erred by not referring the correction to the examiner of titles.

Appellant is correct that the error here was not clerical and therefore the exception in section 508.71, subd. 1a, does not apply. Additionally, the statute imposes an affirmative duty on respondent to refer certificates of title to the examiner for material corrections. For purposes of this appeal, it is clear that respondent failed to carry out the duty imposed by law to refer the certificate correction to the examiner of titles.

2. Public wrong injurious to appellant

◼ Appellant claims that respondent's failure to abide by statutory procedures by unilaterally amending his certificate of title constituted a public wrong. He claims that the memorialization of the easement on his certificate was injurious because it restricts his power of alienation, affects the resale value of the land, and interferes with his right to quiet enjoyment of his

1. The district court dismissed appellant's petition for lack of subject matter jurisdiction but also found that the existence of an adequate legal remedy precluded issuance of a writ of mandamus. As a threshold matter, we hold that the district court did have subject matter jurisdiction. The facts here are distinguishable from the cases cited by respondent, *Silver Bay Area Citizens v. Sch. Dist. No. 381,* 448 N.W.2d 92 (Minn. App 1989), *review denied* (Minn. Jan. 23, 1990) and *Dokmo v. Indep. Sch. Dist. No. 11,* 459 N.W.2d 671 (Minn. 1990). In both of those cases, the district court lacked jurisdiction because the court of appeals was the proper forum for the case to be brought in, not the district court. *See*

*Dokmo,* 459 N.W.2d at 673; *Silver Bay,* 448 N.W.2d at 94. In other words, the district court lacked subject matter jurisdiction in those cases because they were litigated in the wrong court.

Here, there is no question regarding the appropriate forum in which to bring the present action. The district court is the appropriate forum for appellant's petition for proceedings subsequent. *See, e.g.,* Minn.Stat. § 508A.02 (2002); *In re Metro Siding, Inc.,* 624 N.W.2d 303, 307–08 (Minn.App.2001) (appealing district court's manner of conducting proceedings subsequent deprived appellant of due process).

property in violation of the Minnesota Constitution, art. I, § 7.[2]

Although the parties have not addressed the extent of the injury to appellant, we recognize that an easement permitting the construction and maintenance of a tile drain across the appellant's property would likely affect the fair market value of the parcel. There is no doubt that respondent's failure to carry out her statutory duties constituted a public wrong.

### 3. No other adequate legal remedy

■ Because the first two requirements are met, the central issue is whether other adequate legal bases exist to preclude appellant from obtaining mandamus relief. Respondent argues that, because proceedings subsequent under section 508.71, subd. 2, are an adequate means for appellant to correct the alleged error, mandamus relief is not appropriate. Appellant claims that proceedings subsequent do not afford him adequate grounds for relief, and, therefore, mandamus is justified.

■ The Minnesota Torrens Act presumes that the holder of a certificate of title owns conclusive title to the real property if the certificate was issued pursuant to proper judicial proceedings. Minn.Stat. § 508.36 (2000);[3] *Hersh Properties, LLC v. McDonald's Corp.*, 588 N.W.2d 728, 733 (Minn.1999). The purpose of this system is to be able to determine the state of title to a parcel by examining a single document rather than examining extensive abstracts of title. *Hersh Properties*, 588 N.W.2d at 733. Because of this strong

presumption of a certificate's validity, there are detailed and explicit statutory mechanisms that property owners must follow in order to correct errors or amend an erroneous certificate of title. *See In re Metro Siding*, 624 N.W.2d 303, 307 (Minn. App.2001) (stating that "[o]nce a proceeding has been held to register land, the certificate of title is conclusive proof of ownership and cannot be altered except as authorized by the [Torrens] Act.").

First, respondent may correct clerical errors or omissions if they do not adversely affect the interests of a party. Minn. Stat. § 508.71, subd. 1a. As noted, though, the error here was not clerical and therefore this exception does not apply. Second, if the proposed modification will cause a significant change in one party's interests, respondent must refer the correction to the examiner of titles. Minn. Stat. § 508.71, subd. 1a. This did not occur here. Finally, at any time, a petition for proceedings subsequent may be filed with the district court to correct "any error or omission * * * made in entering a certificate of title or any memorial thereon." *Id.*, subd. 2.

We conclude that, although respondent did not properly refer the correction to the examiner of titles as required by law, the proceedings subsequent alternative affords appellant adequate legal means to correct the certificate of title. The process for doing so is found in Minn.Stat. § 508.71, subd. 2:

> The court may hear and determine the petition after notice given to all parties

**2.** Minnesota Constitution, art. I, § 7 states: "[n]o person shall be * * * deprived of life, liberty or property without due process of law * * *."

**3.** Minn.Stat. § 508.36 (2002) provides:
[e]very person receiving a certificate of title pursuant to a decree of registration and every subsequent purchaser of registered

land who receives a certificate of title in good faith and for a valuable consideration shall hold it free from all encumbrances and adverse claims, excepting only the estates, mortgages, liens, charges, and interests as may be noted in the last certificate of title in the office of the registrar * * *.

in interest, as determined by the examiner of titles, by a summons issued in the form and served in the manner as in initial applications or by an order to show cause, as the court may deem appropriate. After notice has been given as ordered, the court may order the entry of a new certificate of title, the entry, amendment, or cancellation of a memorial upon a certificate of title, or grant any other relief upon the terms, requiring security if necessary, as it may consider proper.

*Id.*

Any assertion by appellant that the relief requested is not within the scope of proceedings subsequent is without merit. In 1983, the legislature expanded the scope of permissible issues that may be litigated in proceedings subsequent. At that time, the statute was amended as follows (added language in italics):

A registered owner or other person in interest may, at any time, apply by petition to the court, upon the ground * * * (7) * * * *that any other alteration or adjudication should be made.* * * * *After notice has been given as ordered, the court* may order the entry of a new certificate, the entry, *amendment,* or cancellation of a memorial upon a certificate, or grant any other relief upon the terms, requiring security if necessary, as it may consider proper.

*Id.* (emphasis added); 1983 Minn. Laws ch. 92, § 21; *Metro Siding,* 624 N.W.2d at 307–08. This amendment provided the statutory basis for using proceedings subsequent for a wide range of issues, including the relief that appellant now seeks. *Metro Siding,* 624 N.W.2d at 307–08.

The more expansive use of the proceedings subsequent remedy was evident in *Nolan v. Stuebner,* 429 N.W.2d 918 (Minn. App.1988), *review denied* (Minn. Dec. 16, 1988). *Nolan* held that respondents should have brought proceedings subsequent to determine the placement of an easement and not a declaratory judgment action. *Id.* at 922–23. This court stated that

while a certificate of title is conclusive evidence that there is an easement contained in the certificate, it does not preclude judicial inquiry into the validity of the easement. A certificate of title may be altered by order of the court upon any reasonable ground.

*Id.* at 922.

Recently, the *Metro Siding* court, citing *Nolan,* held that the issue of the parties' respective ownership interests in property could also be determined in proceedings subsequent. *Metro Siding,* 624 N.W.2d at 308. This court held that the scope of inquiry in such a hearing is "not limited to claims that can be resolved solely by referring to documents recorded on the certificate of title." *Id.*

*Nolan* and *Metro Siding* demonstrate that the scope of issues appropriately litigated in proceedings subsequent encompass appellant's argument. There is no merit to the argument that Minn.Stat. § 508.71 cannot provide a remedy to appellant on the basis that such a correction of a certificate of title is outside the scope of proceedings subsequent.

Appellant argues that the proceedings subsequent remedy places a harsh burden on him for an error that both parties seem to admit respondent made. Appellant claims that granting his request for a writ of mandamus to remove the easement from his certificate of title would more equitably place any burden of proof on the easement holder who could then petition the court in a proceedings subsequent under Minn.Stat. § 508.71, subd. 2, to vindicate the rights of the dominant estate.

This equitable argument seems attractive at first glance: between two innocent victims of a bureaucratic mistake, the burden of proof should fall on the easement holder requesting the interest be recognized. But, that is not the issue before this court. Regardless of the impropriety of respondent's actions, the only issue here is whether the extraordinary remedy of mandamus is appropriate or whether appellant has other avenues of legal relief. Since appellant may utilize proceedings subsequent under Minn.Stat. 508.71, subd. 2, we conclude that he is not without legal recourse. The existence of a plain, speedy, and adequate remedy in the ordinary course of law precludes the issuance of the extraordinary writ of mandamus.

We recognize that appellant may view this decision as placing the burden of respondent's error on him, an innocent party. The alternative that appellant urges, however, would remove the easement memorialization and thereby injure another apparently innocent party, the easement holder. Because we need not decide the respective rights in the property, we hold that, although respondent acted improperly, the existence of an independent legal remedy precludes the issuance of this writ. We see no other justifiable conclusion based on the grounds required before the extraordinary writ of mandamus will issue. Minn.Stat. § 586.02; *Coyle*, 526 N.W.2d at 207.

### DECISION

Appellant established only two of the three requirements for obtaining mandamus relief. Respondent acted contrary to an official duty imposed by law by adding the easement memorial to the certificate of title without authority constituting a public wrong injurious to appellant. But appellant fails to show how proceedings subsequent do not provide an adequate remedy to correct respondent's actions. Although appellant claims that the proceedings subsequent remedy is not fair, this does not obscure the fact that a plain, speedy, and adequate remedy exists in the ordinary course of law permitting him to obtain the relief he requests. The existence of such a remedy precludes the grant of mandamus relief.

**Affirmed.**